### ISRAEL CUTTING *v.* SAMUEL R. COX.

In the ordinary case of carrying on a farm at the halves, the owner of the farm is not so far divested of the possession, that he may not maintain trespass, in his own name, for any injury to the inheritance.    As to the growing crops, in which the parties have a joint interest, they should join in the action.    But where the tenant, in such case, disclaimed all occupancy of a portion of the land, in reference to which a controversy existed between the owner of the land and a third person, and refused to take possession of it, it was held, that the owner of the land might sue, in his own name, for an injury to the crops upon such portion.

A party having the legal title to land, having entered, may maintain trespass against a person wrongfully in possession at the time of entry, and continuing in such possession afterwards; and in such action he may recover all damages intervening between the time of disseizin and re-entry, together with damages for a subsequent entry by the defendant.

The entry upon the land, by the owner, and measuring the lines, and asserting upon the land his claim of title, and directing his agent to cut the grass thereon, with notice of all this to the disseisor, constitutes a sufficient re-entry by the owner, to enable him to recover damages, in an action of trespass, for the value of the grass which the disseisor subsequently cut upon the land.

TRESPASS *quare clasum fregit.* Plea, the general issue, and trial by the court, June Term, 1846,—KELLOGG, J., presiding.

Upon trial the facts appeared as follows. The trespass was alleged to have been committed upon a lot of land in Walden. In April, 1845, the plaintiff received a lease of a portion of the lot from the selectmen of the town, extending from the south line of the lot fifty rods on the west line and sixty rods on the east line. The defendant received from the selectmen a lease of the remainder of the lot. One Goochy had a right to occupy the plaintiff's portion of the lot, under a written contract, by the terms of which he was to have one half of the produce, and certain compensation for each acre of wild land, which he might clear; and Goochy's half of the crops was to remain in the plaintiff's hands, as security for any advances which the plaintiff might make to him.

After the parties had taken their leases, a question arose as to the division of the lot; and the defendant and Goochy measured the lines, and made what they supposed to be the true division. Soon after, that is, in April, or May, the defendant and Goochy made a division fence, agreeably to their measurement. The defendant occupied to the fence, claiming to have title to the land, until about the first of September after; when Cutting, by accurate measurement, ascertained that the fence was about a rod and a half on his land. The defendant was present at that time, but, after the measure was made, refused to acquiesce and remained in possession, as before. Cutting then told Goochy to cut the grass between the fence and the line measured by him,—which, for the purpose of this trial was conceded to be the true line,—and Goochy informed the defendant of this. The defendant then cut the grass, to the fence,

Previous to the execution of these leases both parties had been in possession of this lot,—but under a different division from the one made by the leases,—and had some difficulty respecting their lines; and Goochy, when this difficulty arose, said he would have nothing to do with the land in dispute;—but it appeared that Goochy acted as the agent of the plaintiff, in keeping possession of the land in dispute. It did not appear, that Goochy had authority to measure the lines with the defendant in any manner.

The county court rendered judgment for the plaintiff, to recover the value of the grass cut by the defendant between the fence and the line measured by the plaintiff. Exceptions by defendant.

*B. N. Davis* for defendant.

Trespass *quare clausum fregit* can only be maintained by him, who has actual possession of the premises at the time the act complained of was committed. 1 Chit. Pl. 176. *Ripley* v. *Yale*, 16 Vt. 257. 9 Johns. 61. 1 Ib. 5. 12 Ib. 183. 8 Mass. 411. *Wheeler* v. *Hotchkiss*, 10 Conn. 225. 9 Ib. 216. *Catlin* v. *Hayden*, 1 Vt. 375. The contract between Goochy and the plaintiff shows, that Goochy was the tenant of the plaintiff, with the exclusive right of possession, rendering to the plaintiff by way of rent, one half of the produce of the land. The most the plaintiff could claim would be as tenant in common of the crops, with the possession of the land in his tenant until the crops were divided.

2. The defendant having been put in possession of the land in question by Goochy, whether he were agent or tenant of the plaintiff, his possession was exclusive, and therefore neither Cutting, nor Goochy, as tenant, nor both, as tenants in common, could maintain trespass *quare clausum fregit*, until he was dispossessed. 8 Mass. 411. 1 Chit. Pl. 177. *Ripley* v. *Yale*, 16 Vt. 257. *Bakersfield Cong'l Soc.* v. *Baker et al.*, 15 Vt. 119.

*S. B. Colby* for plaintiff.

1. The plaintiff, having entered and taken possession of the land described in his lease, is deemed to be in possession of the same to the extent of his written claim of title. *Spear* v. *Ralph*, 14 Vt. 400. The defendant should derive no benefit, by reason of having enclosed a part of the plaintiff's land with only the assent of Goochy,

Cutting v. Cox.

who had no authority. *Crowell* v. *Bebee*, 10 Vt. 33. *Stuyvesant* v. *Tompkins*, 9 Johns. 61; 11 Ib. 569.

2. The case finds, that the *true line* was run in September, the plaintiff and defendant being present together on the disputed land; and the plaintiff then asserted his right, and instructed his agent to cut the grass on the piece fenced off,—of which the defendant had notice. This was sufficient entry and notice to entitle the owner to his action of trespass, and is fully within the principle of *Butcher* v. *Butcher*, 14 E. C. L. 59. 3 Bl. Com. 175. Co. Lit. 15. *Beecher* v. *Parmele*, 9 Vt. 352.

3. The tenancy of Goochy cannot deprive the plaintiff of his action. 1. The piece in controversy was excepted from the operation of the lease. 2. Goochy was the plaintiff's agent in keeping possession of the land. These facts are found by the county court.

The opinion of the court was delivered by

REDFIELD, J. As between the plaintiff and Goochy, the question, which should bring the action, may be in some sense determined by inquiring who was injured by the trespass complained of. If this were the ordinary case of carrying on a farm at the halves, it has not been considered that the owner of the land is so far divested of the possession, that he may not maintain trespass, *in his own name*, for any injury to the *inheritance*,—as digging stone, or cutting timber. As to the growing crops, in which the parties have a joint interest, the parties are treated as tenants in common, or, more properly, joint tenants, perhaps, and they should join in the action. If they do not join, the non-joinder can only be pleaded in abatement. If not so pleaded, it will only affect the question of damages. These principles being merely elementary, it is hardly necessary to quote authorities.

This might be the present case, if the land in dispute formed a portion of the premises in the occupancy of Goochy at the time of the alleged trespass. But that does not seem to be the fact. Goochy disclaimed all possession in his own right, and said he would have nothing to do with this land. It is conceded, that the land belonged to the plaintiff. It seems clear, if Goochy was not in possession and would not consent to take possession, in his own right, that no action could be maintained in *his* name. If not, then the

Cutting *v.* Cox.

plaintiff must be permitted to sue in his own name, or he cannot sue at all.

The only remaining question is, whether the plaintiff has elected the proper form of action. It appeared in the case, that the defendant took possession of the land under a mistaken division, made between him and Goochy, which Goochy had no right to make on the part of the plaintiff. But the defendant had taken actual possession in such a manner as to create a disseisin, at the election of the plaintiff; and, after the true line was ascertained, the defendant persisted in maintaining his possession,—which would clearly justify the plaintiff in treating it as a disseisin and bringing ejectment.

But in all cases of disseisin the plaintiff may also maintain trespass, if the entry were made while he was himself in possession ; but in such case the damages will be restricted to the first entry, unless the plaintiff make a re-entry upon the land before action brought. In such case he will recover all his intervening damages, the same as if he had brought ejectment and recovered the seisin. If the plaintiff *can re-enter* upon the land, it is the same, as to recovering intervening damages, as if, at common law, he had first reseised himself by a recovery in ejectment. And if the defendant still maintains his possession, it makes no difference; he is still considered a trespasser upon the lawful owner of the land, so long as *he* shall continue to re-invest himself with the possession of the land by re-entry. After the re-entry the law considers the freehold and possession to have all along continued *in him;* and the disseisin is cured by the re-entry, until some fresh act of disseisin,—which is itself a trespass, in the first instance, as every disseisin includes a trespass; and if continued, there must again be a re-entry.

This is fully sustained by the case of *Butcher* v. *Butcher,* 14 E. C. L. 59. The wrong doer cannot treat the lawful owner as a trespasser; and if not, then the continuance of the defendant's possession was itself a trespass, as is said in the case of *Butcher* v. *Butcher.*

In the present case it is very obvious there was a sufficient re-entry by the plaintiff; and from that time the lawful possession would be in him, until the defendant did some act of disseisin,--which seems to have been the cutting of the grass complained of, which was a trespass for which the plaintiff might well recover.

Judgment affirmed.