WENTWORTH & *al. versus* BLANCHARD & *al.*

A recorded title deed of real estate is sufficient authority for the holder to maintain an action of trespass for a wrong done to the estate.

And in *such action,* the defendant cannot controvert the plaintiff's title of record, unless the acts by him done were authorized by one having title or right thereto.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

TRESPASS *quare clausum,* for cutting and carrying away timber from Township No. 3, Range 3, in the county of Franklin.

The defendants pleaded the general issue, and filed brief statements alleging:—

1. That the title to the premises, at the time of the alleged trespass, was in parties other than the plaintiffs:— ·

2. That the title was in the heirs of one Rufus Davenport;

3. That the title was in the heirs of Rufus Davenport, and that the defendants acted under license of said heirs.

The cutting of the timber was admitted.

In the progress of the trial, many rulings were made as to the admissibility of testimony, to which exceptions were taken, that need not be stated as they were not considered by the Court.

The plaintiff's title is set forth in the opinion.

The defendants introduced evidence tending to show, that the title was in the heirs of Rufus Davenport, also depositions tending to show, that the plaintiff's title under his tax deed had become inoperative.

The presiding Judge ruled that the plaintiffs had made out a *prima facie* case as *to title* and sufficient to enable them to maintain this action, so far as the question of title was involved, unless the defendants should prove that they did the acts complained of, under license or authority of some one having title or right, and that the supposed title of the heirs of Rufus Davenport would not aid the defendants, unless they showed a right in themselves under that title by license or authority, as they claimed in their brief statement and defence.

The questions of damages and license or authority were submitted on the evidence.

A verdict was returned for the plaintiffs. The jury also specially found that none of the heirs of Rufus Davenport ever gave the defendants license or authority to cut timber on the township.

Defendants excepted to the rulings.

*J. L. Cutler*, for defendants.

*R. Goodenow* and *J. S. Abbott*, for plaintiffs.

RICE, J. — The plaintiffs claim title to the *locus in quo*, by deed from William C. Whitney, sheriff of Oxford county, to John Davis, dated July 20, 1829, and through mesne conveyances from Davis to themselves; and also by deed from Samuel Cony, land agent, to George Pierce and Benjamin Goodrich, dated April 30, 1849, and a deed from said Pierce and Goodrich to themselves, dated August 23, 1849, and recorded October 11, 1849. Both these titles originated from sales for non-payment of taxes assessed upon the premises.

The cutting charged in the plaintiffs' writ is admitted by the defendants, who claim to justify under a title in the heirs of Rufus Davenport, originating in a grant from the Commonwealth of Massachusetts to Edward Blake, jr., and through mesne conveyances to said Davenport. They also deny the validity of the plaintiffs' title.

A conveyance by deed duly acknowledged and registered

is equivalent to livery of seizin. *Higbee* v. *Rice*, 5 Mass. 352.

The legal presumption is, that seizin follows the title, and that they correspond with each other. *Ward* v. *Fuller*, 15 Pick. 185; *Blethen* v. *Dwinel*, 32 Maine, 133.

By the production of their recorded title deeds the plaintiffs made out a *prima facie* case of title, sufficient to enable them to maintain this action. The instructions upon this part of the case were correct.

The defendants in no way connect themselves with the title of Davenport. They are, so far as the case finds, naked trespassers, and are not therefore in a position to controvert the validity of the plaintiffs' title, or protect themselves under that of the heirs of Davenport, being strangers to it. *Dolloff* v. *Hardy*, 26 Maine, 545; *Dunlap* v. *Glidden*, 31 Maine, 510.

In this view of the case the other exceptions presented become immaterial. *Exceptions overruled and Judgment on the verdict.*

SHEPLEY C. J., and HATHAWAY and CUTTING, J. J., concurred.