## EUNICE PRATT v. JASON BATTELS.

*Trespass.    Damages.    Deed of husband and wife.    Statute of limitations.*

The plaintiff claimed title to a piece of land upon which a quantity of wood had been cut by a person claiming adversely to her, by whose employment the defendant removed the wood about one hundred rods from the place where it was cut, but left it on the same lot. *Held*, that if the wood belonged to the plaintiff, so that she could maintain an action of trespass against the defendant for the removal, she could recover only nominal damage, or such actual damages as were occasioned by the removal.

In a deed from a husband and wife, executed while our statute required the acknowledgment by the wife to be made by her separately from her husband, it should appear in the certificate of acknowledgment that it was so acknowledged by her. If it does not, the deed will be inoperative and void as against the wife.

The possession of land taken under a deed from a husband and wife, without a certificate of such an acknowledgment by the wife, will not be adverse to her rights while she remains under coverture. The statute of limitations will commence running against her only from the death of her husband.

TRESPASS for taking a quantity of wood. Plea, the general issue; trial by jury, January Term, 1856,—UNDERWOOD, J., presiding.

The plaintiff claimed title to the land on which the wood was cut, under a deed from her father to her before her marriage with Charles Pratt, in 1804, the said Charles having died in 1848. It appeared that in 1807 the said Charles and the plaintiff executed a deed of the premises to a person under whom, as well as under a vendue title, other persons now claimed to hold the premises, but the deed had no certificate of its having been acknowledged by the plaintiff separate and apart from her husband, the certificate being as hereinafter set forth in the brief of the defendant. The defendant offered to prove, by parol, that the deed was, in point of fact acknowledged by the plaintiff apart from her husband; but the plaintiff objected to the testimony, and it was excluded by the court. It also appeared that one of the persons now claiming the premises adversely to the plaintiff sold the wood in question to one Samuel Mann, who caused it to be cut, and, after it was cut, employed the defendant to draw it about one hundred rods from where it then lay, to the side of a railroad, passing through said lot; and the defendant did so draw it, and left it by the side of the railroad,

but upon the same lot upon which it was cut,—and then had no more to do with it,—but the said Mann afterwards sold it to one Hawes, who burned it into coal. The defendant requested the court to charge the jury, among other things, that if the plaintiff was entitled to recover at all, she could recover only nominal damages; but the court charged that the plaintiff was entitled to recover the value of the wood drawn by the defendant, at its worth on the stump. Exceptions by the defendant.

Other questions than those above suggested were made in reference to the plaintiff's title to the premises, and her right to maintain the present form of action, &c.; but as they were not passed upon by the supreme court, the facts and testimony in reference to them are omitted.

*J. B. Hutchinson* and *J. P. Kidder* for the defendant.

The deed from the plaintiff and her husband is good and valid to convey her title. It is acknowledged in accordance with the provisions of the statute, " that no real estate, of which any *feme* " *covert* is or shall be seized, shall pass by deed of herself and " baron, without a previous acknowledgment made by her sepa- " rately from her husband, before a judge of the supreme court, or " or a judge of the county court, or a justice of the peace of the " county in which such married woman shall live, or the land so " to be conveyed does lie, that she executed such deed freely and " without any fear or compulsion of her husband; a certificate of " which acknowledgment, taken as aforesaid, shall be endorsed on " the deed, by the judge taking the same, and recorded at large " with the deed. And every alienation of such estates, not ac- " knowledged and recorded as aforesaid, is hereby declared to be " utterly void." 1 vol. of statutes, compiled in 1808, p. 195, § 12. The acknowledgments are as follows:

" STATE OF VERMONT, *Orange County, ss. Chelsea,* March 24, " 1807, personally appeared Charles Pratt, signer and sealer of the " foregoing instrument, and acknowledged the same to be his free " act and deed. Before JOSIAH DANA, *justice peace."*

" STATE OF VERMONT, *Orange County, ss. Chelsea,* March 24, " 1807, personally appeared Eunice Pratt, signer and sealer of the

" foregoing instrument, and acknowledged the same to be her vol-
" untary act and deed; and that she executed said deed freely and
" without any fear or compulsion of her husband.

"Before me, JOSIAH DANA, *justice peace.*"

The statute is strictly complied with. Her being " separately
from her husband," is no part of the acknowledgment; it is a mere
fact, which appears from the deed itself. Her acknowledgment is
separate from that of her husband. The statute does not read
" apart from her husband," as does the present statute. *Separately*
means *singly.* In this case there is a single acknowledgment by
each of the grantors. *Apart* means in a state of separation as to
place. The acknowledgment is, " that she executed said deed
freely, and without any fear or compulsion of her husband," which
must be certified to by the judge taking the same.

*E. Weston* and *L. B. Peck* for the plaintiff.

The plaintiff contends that the deed of Pratt and wife, of March,
1807, is *void* as to her, for the want of a sufficient certificate of ac-
acknowledgment thereon to comply with the statute of March 6,
1797, then in force. See Slade's compilation of laws of 1825, and
former compilations; 1 Tyler's Reports 6, *Harman* v. *Taft et al.;*
do. 42, *Sumner* v. *Wentworth;* 15 Vt. 344, *Giddings & Wife et al.*
v. *Smith et al.;* 1 Peter's 328, *Elliott et al.* v. *Peirsol et al.*

The opinion of the court was delivered by

ISHAM, J. Several questions have been raised during the argu-
ment of this case, some of which, it is unnecessary, at present, to
decide. If the plaintiff's title to this land is sufficient to enable
her to recover its possession in the action of ejectment, yet, as
those under whom the defendant acted were, and for a long .time
had been in the actual adverse possession of the premises, she
cannot sustain an action of trespass on the freehold for cutting the
trees from which the wood in question was derived. Whether her
title to the land would vest in her a general property in the wood,
after it had been severed from the freehold, and draw with it that
constructive possession which will enable her to sustain this action,
is a question not necessary now to decide. There are obviously

serious difficulties in sustaining such an action; for, if the title to real estate will give a general property and a constructive possession to whatever is severed from the land while it is in the adverse possession of another, then in an action of trover or trespass *de bonis* against the *actual possessor*, the only question may arise in whom the title to the land really exists. If this action can be sustained, it will enable the plaintiff to try her title to the realty, without ever having made an entry upon the land, or adopting any means whatever to reduce her title to possession. 1 Smith's Lead. Cases 410; *Mather* v. *Trinity Church*, 3 S. & R. 509. But whatever may be the rule on that subject, we are satisfied that the defendant is not liable in this case for the value of the wood, as it stood upon the land. It is not pretended that the defendant has used the wood, or in any way converted it to his own use, or done any act in relation to it but simply remove it from one place to another on the same premises. It was never removed from the farm on which it was cut, and, in fact, the wood was left by the defendant in the actual and constructive possession of the same person in whom it was before the removal was made. The plaintiff had the same constructive possession after the removal by the defendant, that she had before; for it was left on the same premises to which she made her claim of title. The defendant, for that act, cannot be made liable for the value of the wood as it stood on the stump. The plaintiff can recover but nominal damages, or, at most, the actual damages sustained from the *mere act of removal.* If the defendant had removed the wood from the premises, and had taken the same into his exclusive possession, and an action of trespass or trover had been commenced against him, yet, if before judgment the property had been returned and placed upon the premises from which he had taken it, the rule of damages would be the same; the plaintiff could recover but nominal damages, or, at most, actual damages for the removal. The return of the property would mitigate the damages to that amount. The rule of damages in this case can be no greater than in that, for the injury sustained is no greater. The fact that this wood was left in the same lot in which it was taken, and, consequently, as much in the possession of the plaintiff as it was before its removal, should have

the effect to reduce the plaintiff's claim to nominal damages, or such actual damages as was sustained from the act of removing it. For that matter, we think, the judgment must be reversed.

In relation to the deed of Charles Pratt and his wife, the present plaintiff, we have no doubt that it is inoperative and void as to her, and that she is now clothed with the same rights she would have had if the deed had not been executed. The statute under which that deed was executed required an acknowledgment by the wife, separate from her husband, that she executed the deed freely, and without any fear or compulsion from her husband;—not that separate certificates of that acknowledgment are necessary, but that those facts were acknowledged by her, separate from her husband, and away from his actual presence. That fact must be stated in the certificate of the magistrate, and recorded with the deed, otherwise the statute itself declares the deed null and void. The acknowledgment of the deed in this case has no certificate that it was made separate and away from the actual presence of the husband, and, for that reason, by the express provision of the statute, the deed must be treated as inoperative and void, as to her. The case of *Elliott* v. *Piersol et al.*, 1 Peters 328, is in point on that question. Slade's Comp. of Stat. 171, § 12.

The plaintiff, however, could make no claim to the land during her coverture, for the deed was good as conveying the life estate of her husband. After the death of her husband, on the 17th of August, 1848, her right to the land revived, and, as against her, no title by adverse possession has been acquired; for, during her coverture, she was excepted from the operation of the statute.

The judgment of the county court must be reversed, and the case remanded.