## JULIA C. FARWELL vs. MICHAEL ROGERS.

A warranty deed of land, duly executed and recorded, raises a presumption that the grantor had a title which he could convey, and that he by his deed vested a seisin of the premises in the grantee.

In the absence of evidence of adverse possession of land, the seisin follows the legal title; and seisin in law carries with it the right of legal possession.

A judgment creditor, after receiving from the officer seisin and possession of land of the debtor upon which the execution was levied, conveyed it by deed of quitclaim without any covenants, and afterwards brought in his own name, and prosecuted for the benefit of his grantee, a writ of entry against one in whom was vested the title of a person to whom such debtor had conveyed the premises after the debt accrued but before the levy of the execution. On this writ of entry he obtained judgment, but never took out a writ of possession. His grantee afterwards conveyed the premises to F. by deed delivered on the land; the tenant in the writ of entry having previously made a deed thereof to the original debtor, expressed to be subject to the rights of the creditor, and such debtor having given a bond for a deed of them to R. *Held*, that F. might maintain a writ of entry, for possession of the premises, against R., who had acquired no title thereto by prescription.

WRIT OF ENTRY, dated November 28, 1865. Plea, *nul disseisin*. At the trial, before *Chapman, J.*, after the introduction of evidence the material parts of which are stated in the opinion, the case was withdrawn from the jury by consent of the parties, and reported for the determination of the full court.

*T. H. Sweetser*, for the demandant.

*H. F. French*, (*J. Rutter* with him,) for the tenant.

FOSTER, J. It is a well settled rule in the law of real property, that a warranty deed of land, duly executed and recorded, raises a presumption that the grantor had a title which he could convey, and that he has by his deed vested a seisin in the grantee. In the absence of adverse possession, seisin follows the legal title, and seisin in law carries with it the legal possession. *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 484. *Ward* v. *Fuller*, 15 Pick. 185. *Second Precinct in Rehoboth* v. *Carpenter*, 23 Pick. 131. *Towne* v. *Butterfield*, 97 Mass. 105.

Jacob Farwell, to whom the premises were conveyed in 1833 by warranty deed by the Messrs. Gale, is the party from whom the demandant's title is derived. Aaron Hunt, a creditor of Jacob Farwell, caused the premises to be set off on execution

in satisfaction of a note dated December 29, 1841. The judg-ment was rendered at June term 1843; the levy was completed, and seisin and possession of the premises, as appears by the record of the levy, were delivered to Hunt by the officer June 24, 1843; and on September 21, 1843, Aaron Hunt conveyed the premises to Isaac Farwell by deed of mere quitclaim not containing any covenants. Isaac Farwell conveyed to the demandant by deed dated November 24, 1865, and delivered on the land. This was the title upon which the demandant rested her case; and the presiding judge correctly ruled that it was *primâ facie* sufficient.

The tenant in reply introduced a warranty deed from Jacob Farwell to Maria, wife of Thomas Emerson, dated March 21, 1842; a mortgage from her and her husband to Luke Smith, dated March 31, 1843, and a quitclaim deed from them to him, dated May 24, 1843. These conveyances are relied upon by the tenant, not because he has derived any legal title under them, but to disprove the seisin of the demandant, and show a better outstanding title under them in a third person. It will be observed that the conveyance to Mrs. Emerson appears to be earlier in date than the title of Aaron Hunt and his levy; but that it was subsequent to the date of the note on which Hunt's judgment was founded.

On September 27, 1843, Aaron Hunt commenced a writ of entry against Luke Smith, in whom the Emerson title was then vested, and obtained judgment therein for the land in April 1844. This action was brought six days after Hunt's convey-ance to Isaac Farwell, and was prosecuted in the name of the grantor for the benefit of Isaac Farwell, the grantee. If Hunt's conveyance to Isaac Farwell had been with covenants of war-ranty, the judgment in his favor against Smith would have enured to the benefit of his grantee by way of rebutter. *Wade* v. *Lindsey*, 6 Met. 407. *Cleaveland* v. *Flagg*, 4. Cush. 76. But as there were no such covenants in that deed, and it does not appear to have been redelivered, we do not perceive how that judgment could operate to confirm Isaac Farwell's title from Aaron Hunt, if at the date thereof Hunt was actually disseised

and nothing passed thereby. *Brinley* v. *Whiting*, 5 Pick. 348 *Cleverly* v. *Whitney*, 7 Pick. 36. The judgment on the writ of entry was, however, conclusive between the parties and privies thereto without any service of the writ of *habere facias possessionem.* *McNeil* v. *Bright*, 4 Mass. 282. *Creighton* v. *Proctor*, 12 Cush. 437. It therefore established the superior validity of the title of Hunt under his levy over that of Luke Smith under the Emerson deed.

The deed from Luke Smith to Jacob Farwell, dated March 7, 1844, was made pending the writ of entry by Aaron Hunt against Smith, and was expressed to be subject to the rights of Hunt. Jacob Farwell is therefore bound by that judgment as much as if he had been the defendant therein.

There is no evidence in the case of any possession on the part of Luke Smith which rendered the deed from Hunt to Isaac Farwell void on the ground that the grantor was disseised at the date thereof. Seisin was delivered to Hunt under his levy June 24, 1843, which was after the conveyance by the Emersons to Smith; Hunt's quitclaim deed to Isaac Farwell was dated September 21, 1843; and there is nothing to show any entry on the land by Luke Smith during this interval, or indeed at any other time. We cannot, as against Isaac Farwell, infer that Hunt was disseised on September 21, when he conveyed away his title, from the fact that he alleged himself to be so in a writ of entry dated September 27; because the acts and admissions of a grantor after the execution of his deed cannot be received in disparagement of the title already vested in his grantee.

The quitclaim deed from Hunt to Isaac Farwell passed the title as against every one but a claimant under the Emerson deeds. If the deed from Jacob Farwell to Mrs. Emerson was fraudulent, and Luke Smith acquired title with notice thereof, Isaac Farwell might have maintained a writ of entry against him; or, if he were not in possession, Isaac Farwell might have peaceably entered and held the land, treating Smith's title as a nullity. After the date of the conveyance to Isaac Farwell, neither Aaron Hunt nor Luke Smith appear to have claimed any possession of the land. We cannot find any evidence of

actual possession of the land by any one between the date when Hunt was placed in possession under his levy and that when he made the deed to Farwell. In the absence of evidence, it is impossible to presume or infer a disseisin, which would create an infirmity in a title otherwise perfect. Indeed, we are by no means satisfied that the point of an actual disseisin of Aaron Hunt at the date when he parted with his interest in the land was designed to be raised upon this report. Everything indicates that the trial proceeded upon a comparison of the legal titles of the parties.

No disseisin subsequent to the acquisition of Isaac Farwell's title will operate to defeat his deed to the demandant, because it was delivered on the land. It is familiar law that an entry by a disseisee, and the delivery of a deed upon the premises, purges a disseisin and makes the deed effectual to pass all the title originally acquired by the grantor. *Warner* v. *Bull*, 13 Met. 1.

The adverse possession of the tenant began in 1848, less than twenty years before the commencement of the present action, and is therefore insufficient. His equitable title as assignee of a bond for a deed given by Jacob Farwell in 1847 could not under any circumstances constitute a defence to a real action by the owner of the legal freehold. *Crane* v. *Crane*, 4 Gray, 323.

*Judgment for the demandant.*