## DAVIS, appellant, *v.* CLARK, respondent.

EJECTMENT — *seisin — possession.* In actions of ejectment the plaintiff must prove that he is seised of the premises, or some estate therein. In the absence of adverse possession, the right of possession follows the seisin in law.

STATUTORY CONSTRUCTION — *limitations — quartz lodes.* The amendments to, the statute of limitations, approved January 11, 1872, changed the order and character of the evidence in actions for the recovery of claims upon quartz lodes; and the plaintiff must show that he was in the actual possession of the same within one year next before the commencement of the action.

*Appeal from Second District, Deer Lodge County.*

THIS was a rehearing of the case reported *ante*, 310.

J. C. ROBINSON and CHUMASERO & CHADWICK, for appellant.

The appellant made out a *prima facie* case. Having proved the location of the mining ground and the conveyance to him, the law presumes a continuing title until the contrary is proved. Tyler on Ejectment, 540, 541, 761, 765; *Payne* v. *Treadwell*, 16 Cal. 242; *Haight* v. *Green*, 19 id. 117; *Lewis* v. *Goyette*, 3 Stewart & P. 184; *Applegate* v. *Doe*, 2 Ind. 169; *Doe* v. *West*, 1 Blackf. 133; *Shuffleton* v. *Nelson*, 2 Sawyer, 542; 3 Washb. Real Prop. 130; *Currier* v. *Gale*, 9 Allen, 525; *Fosgate* v. *Herkimer Co.*, 9 Barb. 287; *Brown* v. *King*, 5 Metc. 173.

To defeat appellant's title, respondent must prove affirmatively that he had been in the adverse possession of the premises for one year. *Doswell* v. *De La Lanza*, 20 How. (U. S.) 32.

Sharp & Napton, for respondent.

Blake, J. This case is before us, upon the motion of the appellant, for a rehearing. In considering the questions which have been submitted, we must be governed by the rule established in *Columbia M. Co.* v. *Holter*, 1 Mon. 432. The decisions of this court will not be reversed unless they are in conflict with a statute or controlling decision, to which the attention of the court has not been directed, or it appears that some question, which is decisive of the case, has been submitted by counsel and been overlooked by the court. At this time we can examine only one proposition that has been discussed by the appellant.

It is maintained that he made out a *prima facie* case by proving the location and pre-emption of the mining ground in dispute, and the conveyance of the same to him by its locators and pre-emptors; that the law presumes a continuing title and possession, and that it was necessary for the respondent to show that he had been in the adverse possession of the property for the period of one year. In actions of ejectment the courts hold that it is sufficient for the plaintiff to aver that he is seised of the premises or some estate therein, and the right of possession follows as a legal conclusion from the seisin. "If seisin is once proved, it will be presumed to continue until the contrary is shown." *Currier* v. *Gale*, 9 Allen, 525; *Brown* v. *King*, 5 Metc. 173; *Payne* v. *Treadwell*, 16 Cal. 244; 3 Washb. Real Prop. 130, and cases there cited. "In the absence of adverse possession, seisin follows the legal title, and seisin in law carries with it the legal possession." *Farwell* v. *Rogers*, 99 Mass. 33, and cases there cited. It must be conceded that these authorities would be decisive in this case, if the statutes, which are cited and commented upon in the opinion delivered at the first hearing of this appeal, had not been enacted.

Did this court state correctly the effect of the amendments to the statute of limitations, approved January 11, 1872? Cod. Sts.

591. The language of the law is plain and unambiguous, and there is no room for construction. *United States* v. *Fisher*, 2 Cranch, 399; *Smith* v. *Williams, ante*, 195. We can apply Lord COKE's rule and consider the previous state of the law, and the mischief which the statute was passed to obviate. Sedgw. on Stat. Law, 235. Before the adoption of these amendments by the legislative assembly, the title to many of the quartz lodes within the Territory was based upon the notice of the pre-emption or discovery, which had been filed in the office of the county recorder. No work was required to be performed to hold the property, and the means of defining the extent of the mining claims were imperfect and uncertain. The doctrine of the authorities referred to was recognized by our courts, and the law presumed that the person having the record title had the possession of the lode. These amendments were passed to obviate the mischief resulting from the enforcement of this rule, and the nature of the testimony required in actions for the recovery of property of this character was changed. The plaintiff in such a case is compelled to prove that he or his assigns, or predecessors in interest, was in the actual seisin or possession of the lode claim within one year next before the commencement of the action, and the legal presumption of such possession has been rendered insufficient. Courts have no power to modify this statute by the exercise of a sound discretion. The appellant failed to comply with this act in the introduction of his evidence, and the motion for a rehearing must be denied.

*Rehearing denied.*