PHILIP MUIR AND WIFE v. LEWIS BISSETT.

*Trover. Lease by Husband of Wife's Separate Property. Trespass* qua. clau.

In trover by husband and wife for hay cut and sold from premises that were the sole and separate property of the wife, it appeared that before the hay was cut the husband assumed to lease the premises to defendant by writing in his own name, but before defendant went into possession, forbade him to do so, for that he had inserted in the lease no provision that the husband should have a lien on the crops for the rent, as he had agreed, and told him the premises and all the property thereon were the property of the wife, as aforesaid; but that defendant went into possession. There was evidence tending to show that defendant then agreed that the husband should have such a lien, and evidence tending to show the contrary. There was also evidence tending to show that the wife knew that defendant went into possession, and evidence, *q. v.*, from which the trier of fact found that his possession was with the "knowledge and acquiescence" of the wife; but it appeared that, before the commission of the act in question, the wife brought ejectment against defendant, which was still pending. *Held*, that the lease by the husband was void and did not give character to acts of possession; that, therefore, although the wife, if disseised of the entire premises, might recover in trespass *qua. clau.* for the act of disseisin, the original entry, only, and not for the cutting of the hay, which was a separate act of trespass, yet as she was the owner of the land and

whatever grew thereon, whether standing or severed, and had not parted with her interest therein, nor been disseised of the entire premises, the action might be maintained ; and that it mattered not whether the entry was wrongful and continued against the wife's will, or was with her consent on condition that she should have the crops until the rent was paid.

TROVER for a quantity of hay, brought to the City Court of Burlington. Plea, general issue, and trial by the court, HASELTON, J.

It appeared that on April 1, 1879, the defendant, acting under a written agreement before then made between him and the plaintiff Philip, entered into possession of a farm in Jericho that was then the sole and separate property of the plaintiff Judith, wife of Philip. That agreement, so far as material to the present inquiry, was as follows :

All men knowed by these presents: I, Lewis Bissett, do hereby promise to said conditions, which are these: to pay Mr. Muir for use of farm, including tools . . . which I promise to pay to said Philip Muir, sixty dollars per year, which are to be made in three payments; first payment due the last of May, payable in work, . . . second payment to be paid the 15th of August, in cash $17.50, and the third payment to be paid the first of January, 1880. . . .

At the time of the signing of the agreement, the defendant executed and delivered to Philip three promissory notes for the aggregate sum of $60, payable at the times specified in the agreement. On the day before the defendant took possession, Philip forbade him to take possession, for that he had not inserted in the agreement a provision giving Philip a lien on the crops, as security for the payment of rent, as agreed ; and informed him that the farm and all the personal property thereon were the sole and separate property of his wife. After going into possession, the defendant cut and sold the hay in question, and it was removed from the farm. The plaintiffs' evidence tended to show that on being forbidden to enter, the defendant promised Philip that if he would let him into possession, he might have a lien on all crops, but refused to have a provision to that effect inserted in the writing ; and that Philip let the defendant into possession on that condition. That promise the defendant denied, claiming that the agreement consisted solely of the writing. The plaintiff Philip testified that he had often acted for his wife in the management of

the property, and did so in his dealings with the defendant, but that she never made him her agent to lease the property, and that he signed his name to the agreement " on his own hook." One witness testified that on a former trial Philip testified that he acted for his wife in making the lease in question. It appeared that the defendant began to move his goods onto the premises the day the plaintiffs' were moved away, and that the plaintiff Judith was an inmate of the house on the farm the day before ; that on July 25, 1879, before the hay was sold, the plaintiff Judith brought an action against the defendant under sections 22, 23, c. 46, Gen. Sts. to recover possession and rent in arrear, which was still pending. The plaintiff Philip testified that the notes belonged to his wife, that before the bringing of the action of ejectment he had turned them out as security collateral to a mortgage on the farm, but that before that action was brought he got them for use in court, and still held them. There was no evidence, except as above stated, tending to show any knowledge on the part of the plaintiff Judith of the agreements as to the farm, or that she knew, before the bringing of the action of ejectment, that the defendant was in possession, or that there was any privity of contract or estate between her and the defendant. The defendant never paid any rent nor any of said notes.

The court, deeming it immaterial, did not find whether the subsequent parol agreement asserted by the plaintiff was made or not, but found from the testimony of the plaintiff Philip, which on that point was uncontradicted, that the farm and personal property thereon, and the rents, issues, and products thereof were the sole and separate property of the plaintiff Judith, and that the possession of the defendant was with said Judith's knowledge and acquiescence ; and ruled that the written agreement was void under the statutes, but that " the action of trover could not be maintained"; and rendered judgment accordingly for the defendant for his cost. Exceptions by the plaintiffs.

*F. H. Goin,* for the plaintiffs.

The writing was void. Gen. Sts. c. 70, s. 18 ; *Peck* v. *Walton,* 26 Vt. 82. There was no valid parol lease. Such a lease

of a wife's land is void, if she be not a party to it, and she cannot affirm it by assent after the husband's death. Her consent must appear at the beginning of the term. Taylor L. & Ten. s. 102; *Jackson* v. *Holloway*, 7 Johns. 81; *Winstell* v. *Hehl*, 6 Bush, 58; *Turner* v. *Sturges*, Dyer, 91*a; Walsal* v. *Heath*, Cro. Eliz. 656; *Worthington* v. *Young*, 6 Ohio, 314; *Wotton* v. *Hele*, 2 Saund. 180. A void conveyance is incapable of confirmation. Taylor L. & Ten. s. 101; *Doe* v. *Martin*, 7 T. R. 83; *Jenkins* v. *Church*, Cowp. 482.

The relation of landlord and tenant subsists by virtue of contract only. Taylor L. & Ten. s. 14. But a married woman is incapable of making a contract. *Davis* v. *Burnham*, 27 Vt. 562; *Ingram* v. *Nedd*, 44 Vt. 460, and other cases.

The finding that possession was with the wife's knowledge and acquiescence was erroneous. There was no evidence to support it. But if possession was with her knowledge and acquiescence, she was not thereby bound. Lord MANSFIELD, in *Jenkins* v. *Church, supra; Hardin* v. *Pelan*, 41 Miss. 112; *Chandler* v. *Edson*, 9 Johns. 363.

Under the facts found the defendant was a trespasser. Trover, then, was properly brought. *White* v. *Wait*, 47 Vt. 502; *Chandler* v. *Edson, supra.*

*R. H. Start*, for the defendant.

The court found that the possession was with the knowledge and acquiescence of the wife. There was evidence tending to prove the facts so found, and the finding is conclusive. *Pomfret* v. *Barnard*, 44 Vt. 527.

On that finding the only remaining question is, whether the ruling that this action could not be maintained was correct. We insist that it was. The wife had neither title nor right of possession, and cannot maintain the action. *Schuyler* v. *Leggett*, 2 Cow. 660; *People* v. *Rickerts*, 8 Cow. 226; *Porter* v. *Bleiler*, 17 Barb. 149; *Bradley* v. *Covel*, 4 Cow. 349; 1 Chit. Pl. 148; Taylor L. & Ten. ss. 19, 56, 57, 60; *Martin* v. *Watts*, 7 T. R. 79.

The opinion of the court was delivered by

REDFIELD, J.   The plaintiff's wife is the owner of the premises.   The husband attempted to lease them to the defendant for the term of one year, and signed a written contract for that purpose. Before anything was done under the contract, the defendant was notified that a lien on the crops, as security for the rent, was a part of the contract, and accidentally omitted in the writing, that the premises were the property of the wife Judith; and the defendant was forbidden to enter upon the premises.   The written contract was inoperative and void as to Judith; and the defendant, an intruder in entering upon the premises.   The defendant took possession of the house in April, and, in July after, cut hay upon the farm, and afterwards sold it, for which this action of trover is brought.

It cannot, we think, be claimed that the writing or lease gave character to defendant's acts of possession.   The defendant's intrusion into the house was one distinct act of trespass; the cutting of grass in the meadow was another.   If the defendant disseised the plaintiffs in the whole premises, then the plaintiffs could recover in an action of trespass *quare clausum* only for the first act, unless they re-entered before suit, when they could recover for all and every act.   This rule of the common law, based on artificial and subtle fiction, is the law of this State.   *Cutting* v. *Cox*, 19 Vt. 517; *Stevens' Exrs.* v. *Hollister*, 18 Vt. 294.   Yet, in the latter case WILLIAMS, C. J., dissented and vindicated the more sensible rule—certainly more consonant with justice.   The case shows that the defendant's entry upon the premises was forbidden by the plaintiff Philip, because he had not inserted in the writing a lien upon the crops, as agreed; that the property, both real and personal, was the sole and separate property of the wife Judith; that " the writing was void as to Judith "; and there was no " privity of contract or estate " between defendant and Judith. A suit was pending, at the time the hay was converted, to oust defendant from the. possession.   The exceptions state that " the court found that the possession of the premises aforesaid by the defendant was with the knowledge and acquiescence of the plaintiff Judith."   If that statement means that the said Judith had

so far " acquiesced" that she had adopted the contract of her husband and made it her own, then the defendant was the tenant of the said Judith, for the year, and entitled to the annual crops. But the exceptions also state that at the time of the conversion Judith was pressing the most summary process of the law to eject defendant from the possession. This was hardly " acquiescence." If, as the proof tended to show, the defendant intruded, without right, into the possession, and held it against the will of the owner, the act was wrongful, and the intruder gained thereby no right of property in the premises or its products. And if the owner became wholly disseised, in an action of *trespass*, it is probable that the owner could, without re-entry, recover only for the act of disseisin, which was the first entry. But this by no means determines that the disseisor acquired property rights in the standing grass or timber on the premises. They pertain to the realty, and, when severed from it, continue to be the property of the owner of the land. And in this case, if the entry upon the premises by the defendant was wrongful, and continued against the will of the plaintiff Judith, or, if he entered with her consent, upon the condition that she should have the crops till the rents were paid, then the conversion of the hay by defendant to his own use was wrongful as to the plaintiff Judith. Judith was the owner of the property, and continued so, unless she became party to a contract by which she parted with her title. In *Pratt* v. *Battles*, 28 Vt. 685, the court, ISHAM, J., suggest a doubt whether trespass can be sustained for removing wood cut on premises by one long in adverse possession of the premises under claim of title. But the court adjudged in that case that the plaintiff could recover only limited damages for removing the wood a short space on the same farm. The question was not made in argument; and the case, in its facts, differs widely from this. We think there is no fiction of the law that would prevent the plaintiffs' recovery, unless they have parted with their right and title.

*Judgment reversed, and cause remanded.*