EDWARD A. EAMES *vs.* HENRY C. SNELL.

Worcester. Oct. 7, 1886. — Jan. 4, 1887. DEVENS & W. ALLEN, JJ., absent.

In an action of replevin, if there is independent evidence that the plaintiff was in possession when he executed a mortgage of the property, the mortgage is admissible in evidence as showing an act of dominion over the property, and is some evidence of title.

REPLEVIN of certain personal property. Writ dated December 13, 1884. The defendant, a deputy sheriff, justified under an execution against George L. Eames, by virtue of which he seized the property in question. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

George L. Eames purchased said property about two years before the date of the writ, and before the defendant levied the execution upon the property; but the plaintiff contended, and offered evidence to show, that George L. Eames made the purchase for and as the agent of the plaintiff. He also introduced evidence tending to show that the plaintiff, who was in poor

health, owned a farm, and employed George L. Eames to manage it; and that the property replevied was used on said farm, and was the plaintiff's, and in his possession.

A mortgage of personal property, including the property in question, dated November 17, 1884, given by the plaintiff to one Jesse Smith, to secure an actual indebtedness of the plaintiff, witnessed by George L. Eames, and duly recorded, and in no respect connected with the purchase of said property, was admitted in evidence, against the objection of the defendant, on the ground that it was an act of ownership and dominion over the property.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. G. Kent*, for the defendant.

*H. W. King*, for the plaintiff.

HOLMES, J.    A mortgage alone is no evidence of the mortgagor's title or possession.    *Gibbs* v. *Childs, ante,* 103.    It is unnecessary to decide whether, when the property belonged to one of two persons, both of whom handled it, and the only question is, which was owner and had possession, and which was only an agent or servant, the execution of a mortgage by one, witnessed by the other, would or would not be some evidence that the property belonged to the mortgagor, because, as we understand the bill of exceptions, there was independent evidence that the mortgagor was in possession when he made the mortgage.    If he was, then making the mortgage was an act of dominion, and was some evidence of title.    See *Farwell* v. *Rogers*, 99 Mass. 33.                              *Exceptions overruled.*