RUTH BAXTER et al. vs. ALFRED B. BROWN.

PROVIDENCE—JULY 9, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  Trespass and Ejectment.  Title.  Occupation.

While as to waste or unoccupied lands the title draws to it the possession and
no proof of actual occupation is required, in the case of ejectment for land in
the actual possession of one claiming title to it by a series of conveyances,
the plaintiff must show good title from some unimpeachable source in order
to overcome the presumption of ownership which arises from occupation.

(2)  Trespass and Ejectment.  Occupation.  Title.

In ejectment proceedings where the plaintiff has a paper title but shows no
actual occupation in himself or his ancestors, and the defendant is in actual
possession, presenting also a paper title, the preference should be given to
the latter title.

(3)  Trespass and Ejectment.  Occupation.  Title.

In proceedings to recover possession of land, the law, as early settled in this
State, is that occupation with bona fide claim of title can not be disturbed
except by a party showing an unimpeachable right.

TRESPASS AND EJECTMENT.  Heard on petition of defendant
for new trial, and granted.

DOUGLAS, J.  This is an action of trespass and ejectment,
to recover possession of a lot of land in that part of Pawtucket
which was formerly in Seekonk, Bristol county, Mass., de-
scribed as lot No. 443, on the Oakland Plat, recorded in the
office of the city clerk on plat card No. 128, said lot being
bounded northerly by Central avenue, on which it measures
fifty feet, and, holding that width, extends back southerly one
hundred feet; bounded westerly by land occupied by the Free
Will Baptist Church, and on the east by land occupied by Wil-
liam L. Sweet.

(1)  The defendant filed the general issue and a special plea,
alleging actual adverse possession of the land in question for
more than twenty years prior to the date of the plaintiffs'

.writ. The case was tried before Mr. Justice Dubois, jury trial having been waived, and, after decision for the plaintiffs, the defendant prays for a new trial on the grounds that the decision was against the law and the evidence and that the defendant has discovered new and material evidence.

The plaintiffs introduced a quitclaim deed, dated October 3, 1812, from Phanuel B. Bishop and William B. Bishop to Zelinda Jacobs, their sister, of their interest in certain tracts of land in Seekonk "given to us by will of our honored father, Phanuel Bishop, Esq., dec'd.," among them "one lot called the great plain, contents in acres agreeable to our honored father's deeds, be the same more or less," and the record of partition proceedings in the Probate Court of Bristol County, Mass., by which, on April 28, 1834, a part of the great plain lot called "the Pine Lot" was set off to the plaintiffs' ancestor Ruth B. Bishop; and they introduce further evidence from which it appears that the title of Ruth B. Bishop descended to and is held by the plaintiffs.

We think also that the plaintiffs have fairly shown the lot now in question to be a part of the easterly division of the Pine Lot which was set off to Ruth B. Bishop. The plaintiffs, therefore, have established a paper title to the land in question going back to the year 1812.

The defendant has not sustained his plea of adverse possession, having shown only occasional entries upon the land, not amounting to ouster of the legal owner, until less than twenty years before the beginning of this suit. He sets up a paper title to the land beginning in 1869, which is pertinent to show that his present possession is under a claim of title.

The defendant proposes, as a piece of newly discovered evidence, the report of referees, under a rule of court, in an action brought by Truman Freeman against Henry W. Charlton, March 8th, 1845, to recover damages for carrying away one cord of wood. Charlton pleaded that the land on which the wood was cut belonged to him, and described the whole of the Pine Lot which was the subject of partition between the children of Zelinda Jacobs. Charlton's wife was one of these

children, and it is argued that the finding of referees that Charlton was guilty was a finding that Freeman owned the land in question and is conclusive evidence against the plaintiffs' title.

Such a contention is not sustained for several reasons. In the first place, the referees may as well have found that the wood was not cut upon the land described as that the land described was the property of Freeman. Next, Mrs. Charlton was not a party to the case, and her title, if she had any, was not concluded by the suit against her husband. Again, the plaintiffs do not claim title through Mrs. Charlton, but from her sister, Ruth Bishop, to whom, and not to Mrs. Charlton, the eastern twenty-six acres of the Pine Lot were set off. Finally, an action of trespass *quare clausum* would not have concluded the title (*Morse v. Marshall*, 97 Mass. 519, 522), much less an action of trespass *de bonis asportatis.*

Against the plaintiff's title, shown at the trial, it is objected that it is not derived from the government nor from a common source with the defendant's title, nor from or through any persons shown to have been in actual possession of the land.

The plaintiff argues that his legal title draws to it the possession, and no proof of actual occupation is required. This is true of a good title to waste or unoccupied lands, and it has been held that trespass will lie by an apparent owner, without proof of entry under his title, against a mere trespasser who does not claim title (*Chesley* v. *Brockway*, 34 Vt. 550; *Wentworth* v. *Blanchard*, 37 Me. 14); but in ejectment for land in the actual possession of one claiming title to it by a series of conveyances, the plaintiff must show good title from some unimpeachable source in order to overcome the presumption of ownership which arises from occupation.

In *Jackson* v. *Sellick*, 8 Johns. 202, *Cohoon* v. *Simmons*, 7 Ired. 189, cases cited by the plaintiff, the plaintiffs traced their titles by patent from the government. In *Warren* v. *Cochran*, 30 N. H. 379, both parties claimed under the same ancestor.

The plaintiffs argue, further, that in this country a deed of

conveyance of land in fee duly executed, acknowledged, and recorded is *prima facie* evidence of title and possession.

In *Ward* v. *Fuller*, 15 Pick. 185, Morton, J., says, p. 189: " We have already seen that a deed of conveyance acknowledged and recorded is equivalent to feoffment with livery of seisin. And as this could be perfected only upon the estate conveyed, the deed itself may be considered as presumptive evidence that the grantor had such a seisin as would render operative the act done by him. The legal presumption is that seisin follows the title, and that they correspond with each other. Surely he who can trace his title through a chain of recorded conveyances, although without proof of entry or occupation by any one, should have a preference over him who has neither title nor possession. But it is only *prima facie* evidence and liable to be rebutted and disproved. And the rule which we intend here to establish is, that in the absence of other evidence the deed itself raises a presumption that the grantor had sufficient seisin to enable him to convey, and also operates to vest the legal seisin in the grantee."

While this language is capable of a construction in support of the plaintiff's claim in this case, yet, taken with the restrictions which were evidently in the mind of the court, it can not have that effect. In *Farwell* v. *Rogers*, 99 Mass. 33, the rule is restricted to warranty deeds; and in the case from which we have quoted the tenant apparently set up no title in himself, but attempted to interpose an outstanding title in strangers which the court carefully considered as matter of defence.

In *Bates* v. *Norcross*, 14 Pick. 224, the court held that a recorded warranty deed conveyed nothing if the grantor had no right.

(2) The deed which begins the plaintiffs' title is a quitclaim only, and the defendant has undoubted possession under recorded deeds. If a plaintiff has a paper title which the statute, as the Massachusetts court interprets it, makes *prima facie* proof of seisin, but shows no actual occupation in himself or his ancestors, and the tenant, being in actual possession, presents also a paper title, we think the preference should be given to the latter.

The rule that a good title is one which goes back either to the government or to some one who has had actual possession of the land, or to some one whose title is acknowledged by the defendant, is recognized in 10 Amer. & E. Ency. Law, 2d ed. 484, and is supported by the numerous cases there cited. The following statement seems to us more applicable than those cited by the plaintiff: "When title is shown to have been derived successively from the original owner, it is accompanied with a right to possession which secures to the apparent owner the constructive possession and the right to recover it by ejectment, from a person withholding it without title." 10 Amer. & E. Ency. Law, 485.

(3) The law, as early held by this court, is that occupation with *bona fide* claim of title can not be disturbed except by a party showing an unimpeachable right. *Tripp* v. *Ide*, 3 R. I. 51, 56; *Waterman* v. *Andrews*, 14 R. I. 589, 599.

In the case at bar, no doubt, as is argued by the plaintiffs, the true owner is entitled to the possession; but, who is the true owner? If the plaintiffs are *prima facie* the true owners because they hold a deed, why is not the defendant conclusively the true owner since he also holds a deed, and, in addition, occupies the land?

The difficulty which arises from the comparison of two titles, neither of them going back to an acknowledged owner, is insuperable. The plaintiffs' first deed refers to the will of Phanuel Bishop and the deeds to him, but neither the will nor the deeds are offered in evidence. On the other hand, the defendant traces his paper title back to Parley I. Perrin, and now files an affidavit that he can trace it back farther, and offers to do so as newly discovered evidence. If one party may trace back his title for a term of years and be met by the other who goes back another term of years, and then reply with a few more links in the chain, an action of ejectment would be unreasonably protracted.

As the plaintiffs have not shown that they or any one through whom they claim have ever been in possession of the land in question, the decision in their favor is erroneous. Inasmuch as the original lay-out of the land would seem to be accessible,

and the true title is apparently susceptible of proof, we can not direct judgment, but will grant a new trial.

*Irving Champlin, Miller & Carroll, Albert F. Barker, and James Tillinghast,* for plaintiffs.

*Edward D. Bassett, Thomas W. Robinson, and Claude J. Farnsworth,* for defendant.