## MOSES CLARK *vs.* JAMES PARKER.

In a partition by order of court, of real estate held in common, a strip of land was appropriated in the middle of the estate "as a street or passageway to be held in common and undivided by the parties, abutters thereon, their heirs and assigns," and all the lots set off were bounded on this passageway. *Held,* that the fee in the soil of the strip did not remain in common, but became parcel of each of the lots set off.

BILL IN EQUITY to restrain the defendant from using Gloucester Place in Boston as a back entrance to his houses abutting on the westerly end thereof. A demurrer for lack of equity was inserted in the answer. The case, as it appeared from the bill and answer, on which it was reserved by *Gray*, J., for the determination of the full court, was as follows :

The court of common pleas in 1842, on the petition of Margaret C. Drane and Eliza J. Caldwell, setting forth that they were tenants in common with the heirs of Mary Miles of a parcel of land on Front Street, now Harrison Avenue, in Boston, and that each of the petitioners was owner of an undivided third of the estate, ordered partition of the premises to be made, so far as related to the petitioners, by setting off to each of them her undivided third. The commissioners appointed to make partition, in their return, after describing the premises, continued thus : "We proceeded to divide and apportion the said estate, and in the first place we appropriate a strip of land in the middle of the said estate, twenty-eight feet wide and one hundred and ninety-

three feet long, as laid down in the plan hereto annexed, drawn by Alexander Wadsworth, and which forms a part hereof, as a street or passageway, to be held in common and undivided by the said parties, abutters thereon, their heirs and assigns forever." They then set off different parcels to the petitioners, giving the lengths of the lines and bounding them all " on " or " by said passageway." The returns were accepted by the court.

After the partition, the plaintiff, by mesne conveyances, became possessed of all the interest of Margaret C. Drane in the estate, and the defendant became possessed of a portion of the land set off to Eliza J. Caldwell, and also of all her interest and the interest of the heirs of Mary Miles in the fee of the passageway. The strip of land, as laid out by the commissioners, is now called Gloucester Place, and extends across the original estate from Front Street, now Harrison Avenue, on the east, to other land on the west. This other land was purchased by the defendant, and on it he built houses, having their backs on Gloucester Place, and between these houses and Harrison Avenue he was in the habit of carrying coals, ashes and offal over Gloucester Place.

*J. P. Healy*, for the plaintiff.

*D. Thaxter*, for the defendant.

COLT, J. The defendant claims to own an undivided two thirds of the fee on Gloucester Place, subject to the easements in it; and, as such owner, to have the right to use it for access to his other land, or for any other purpose not inconsistent with the easements imposed upon it. His title depends upon the construction to be given to the partition which was made by the court between the tenants in common of the estate through which this way was located by the commissioners.

The commissioners of partition, in their return to the court, after describing by bounds the whole estate, declare that they have proceeded to divide and apportion it, using in reference to the way in question the following language : " In the first place, we appropriate a strip of land in the middle of said estate twenty-eight feet wide and one hundred and ninety-three feet long, as laid down on the plan hereto annexed, drawn by Alexander Wadsworth, and which forms a part hereof, as a 'reet o1 pas-

sageway, to be held in common and undivided by the said parties, abutters thereon, their heirs and assigns forever." They then go on to assign specific portions to each petitioner, giving the length of the lines and bounding each on the passageway.

The defendant claims that the effect of this was to leave the undivided fee in Gloucester Place in the parties to the partition as tenants in common, subject to an easement in favor of the owners of lots bounding thereon; and relies on the case of *Morgan* v. *Moore*, 3 Gray, 319.

On the other hand, the plaintiff claims that the whole parcel of land described in the warrant of the commissioners was divided; and the strip in question was appropriated as a way to the other parts of the land, so that it became parcel of each part of the land set off, could be put to no other use, and was conveyed, when the proprietors conveyed the parts set off to them, as parcel thereof. And this, we think, is substantially the true construction of the return. It is a question of intent as expressed in the language used, applied to the subject matter and the duty with which the commissioners were charged.

In the construction of deeds, where lands are bounded on or by a way, either public or private, the law presumes it to be the intention of the grantor to convey the fee of the land to the centre of the way, if his title extends so far. This presumption is of course controlled, whenever there are words used in the description showing a different intention. But it has been held that giving measurement, in the deed, of side lines, which reach only to the outer line of the way, are not alone sufficient to overcome it. *Phillips* v. *Bowers*, 7 Gray, 21. *Fisher* v. *Smith*, 9 Gray, 441. *Codman* v. *Evans*, 1 Allen, 443.

This rule of interpretation applies, with more force, to a return of commissioners of partition, which has been confirmed by the court, when the way located by them is wholly upon the land which by the warrant they are required to divide The return itself here shows that the commissioners intended to perform the whole duty required, so that the parties should not be left tenants in common of any part of the original estate. The difficulty arises from the statement that the strip of land appropriated for

a street or way was to be held in common and undivided, by the abutters thereon. But it was clearly within their power to create a new incorporeal estate, such as a right of way over a part of the land divided, to be enjoyed in common, after the partition, by all the owners. This they did; and the tenancy in common which they created and intended to describe was a tenancy only in the easement, and not in the soil. To hold otherwise would make their proceedings imperfect. The right of way secured was doubtless the main consideration, for there could be little value in the undivided interest of a tenant in common in the strip of land subject to it, independent of the ownership of the adjoining lots. Such tenant in common could not, without the consent of his co-tenants, create any servitude or easement therein in favor of his other estates. 3 Kent Com. (6th ed.) 436. *Miller* v. *Miller*, 13 Pick. 237. *De Witt* v. *Harvey*, 4 Gray, 486, 494.

The case of *Morgan* v. *Moore*, 3 Gray, 319, differs from this in the fact that the lots set off did not bound, as in this, all upon the street as laid out; and in the further important consideration, that the partition was by deed, and therefore lacked the presumption, which arises here, that the proceedings confirmed by the court were intended and understood to be a complete division of all the estate held in common.

The demurrer in the defendant's answer for want of equity in the bill was not insisted upon at the argument.

*Decree for the plaintiff, with costs.*