### EARLE v. THE MAYOR AND COMMON COUNCIL OF NEW BRUNSWICK AND JOHN T. MITCHELL.

1. The grantee of a deed *inter partes* is bound by the conditions, covenants, and stipulations therein on his part, although the deed is only signed by the grantor. If they be such as are legally sufficient to create an easement in the premises granted, the grantee takes the land subject to that servitude.
2. Executors having a general power to sell, laid out a tract of the testator's lands into building lots, fronting on proposed streets, and made and filed a map on which such streets were delineated. The deed from the executors to the plaintiff's grantor for several of these lots, after a description by boundaries on such streets, contained also a grant of the land forming part of Townsend street, as marked on the map, "subject to the use at all times, of the same by the owners of lots on said map, and by the public generally, as and for the said Townsend street, as laid down on and according to the aforesaid map"—

*Held,* that the lands conveyed within the lines of Townsend street were, by such description, dedicated to public use for a street, and that the public authorities could not be sued as trespassers for an entry on the lands to open the street.

On case certified by the Middlesex Circuit, on a rule to show cause why a verdict in favor of the defendants should not be set aside.

Argued at February Term, 1875, before the CHIEF JUS-TICE, and Justices DEPUE and KNAPP.

For the rule, *G. C. Ludlow.*

*Contra, Woodbridge Strong.*

The opinion of the court was delivered by

DEPUE, J.   Mitchell, one of the defendants, as the street commissioner of the city of New Brunswick, entered on the lands described in the plaintiff's declaration, for the purpose of opening Townsend street from Livingston avenue to Drift street, in pursuance of a resolution of the common council of the city, directing that street to be opened.   For an alleged trespass in making such entry this action was brought.   The justification of the defendants is, that Townsend street had become a public street by a dedication.

The plaintiff makes title to the *locus in quo,* under a deed from Edward E. Kilbourn, bearing date July 1st, 1871. Kilbourn derived title by conveyance made by the executors of John W. Stout, bearing date on the 25th of May, 1868.

Stout, the testator, died in 1861, seized of a tract of thirteen acres, within the boundaries of which the *locus in quo* is situated.   It is admitted that there was no dedication of these lands, or any part of them, for the purpose of a public street, by the deceased, in his lifetime.

The testator, by his will, authorized and empowered his executors to make sale and conveyance of all his real estate,.

and named as his executors his sons, Jacob, Thomas, and Gideon.

The executors proved the will, and, for the purpose of disposing of the testator's real estate, caused to be made and filed in the clerk's office of the county of Middlesex, a map of the lands whereof the testator died seized, marked, "Map of property in the city of New Brunswick, belonging to the estate of John W. Stout, late of New Brunswick, deceased. Drawn Oct. 18, 1863, by N. Vars." On this map the tract is divided into one hundred and twenty-seven lots, and Townsend, Redmond and Welton streets are delineated as extending from Livingston avenue to Drift lane.

In the deed from the executors to Kilbourn, the premises conveyed are described by a particular description, by courses and distances, as follows: Beginning on the northerly side of Livingston avenue, and running thence to the westerly line of Townsend street, as laid down on a map filed in the Middlesex clerk's office, entitled, &c. (reciting the title of the above mentioned map in full); thence along the westerly line of Townsend street to Drift lane; thence, &c., to the beginning. Then follows a general description, as "bounded northerly by Drift lane, easterly by said Townsend street, as laid down on the map aforesaid, southerly by said Livingston avenue, or Trenton turnpike, and westerly by said lot, formerly Schureman's, now or late of said William G. Parsons, and also the land lying along the easterly side of said lot, as above described, forming the said Townsend street, as laid down on the map aforesaid, extending to the middle or centre line of said Townsend street, from said easterly side of said above described lot, subject to the use, at all times, of the same by the owners of lots on said map, and by the public generally, as and for the said Townsend street, as laid down on and according to the aforesaid map."

The deed from Kilbourn to the plaintiff contains precisely the same description.

It is conceded that the filing of the map, and the making of conveyances by reference thereto, are such acts as would

effect a dedication of this street.  The contention is as to the power of the executors to make a dedication.

It is insisted, that the right to dedicate lands to public uses belongs only to the owner of the fee.

There is a class of cases which hold that a dedication made by tenant for years, or the owner of a particular estate, will not bind the reversioner or remainderman, or prevent them from repudiating the dedication, when they come into possession of their estates.

The ground on which these cases rest is, that in order to give the public a right, the dedication must be made by the consent of the owner whose estate is affected, and that the owner of the preceding limited estate has no power to create easements, which shall bind the estate of the reversioner or remainderman, who does not acquire his title under or through him.   His consent being the consent of one having a limited right, can continue only for the limited period.   *Barker* v. *Richardson*, 4 *B. & Ald.* 579 ; *Wood* v. *Veal*, 5 *Ib.* 454 ; *Baxter* v. *Taylor*, 4 *B. & Ad.* 72.

Decisions of this class are inapplicable to the present case. Executors having a power to sell by the will of the owner in fee represent their testator, and may convey his whole estate, and the purchaser, by accepting the deed, consents to the limitations and qualifications therein contained.

There seems to be but little doubt as to the power of executors in selling lands, under a general power in the will, to divide it into lots, and lay out streets through it, and thus create easements of rights of way in the several purchasers, if the estate will be benefited by such a disposition of the property.   Commissioners, in making partition, have been held to have the power to create easements, such as rights of way over a part of the joint property, to be enjoyed in common by all the owners after the partition.   *Clark* v. *Parker*, 106 *Mass.* 554.   And it is familiar law, that in assigning dower a right of passage to the premises assigned, over other lands of the husband, may be created, to continue until the estate in dower shall cease.   2 *Scribner on Dower*, 546 ; *Hoff-*

man v. *Savage*, 15 *Mass.* 130.   In *Rosenkrans* v. *Snover*, 4
*C. E. Green* 420, Chancellor Zabriskie held that commis-
sioners to make partition when directed to sell, had the power
to sell one part with an easement in another part annexed to
it, and to sell the servient part subject to such easement, and
that such easement would be valid as between the purchasers
at the sale ; and easements created by administrators selling
under an order of the court have been sustained in law.
*Symmes* v. *Drew*, 21 *Pick.* 278 ; *Dyer* v. *Sanford*, 9 *Metc.*
395.

Commissioners to make partition or assign dower have
only a naked power of no greater scope than executors sell-
ing under a power in a will.   If they have the right to
create easements in parts of the property coming under their
authority where it may be for the advantage of those whose
interests are committed to their charge, no reason founded on
principle can be suggested why executors in the performance
of their duties, under a power of sale, may not exercise the
like discretion.

But whatever the right of the heirs or beneficiaries under
the will of the deceased might have been to have enjoined
the executors from converting a part of the estate into
streets, the defendant is estopped by his deed from repudi-
ating their action or denying their power.

The clause in the deed of conveyance made by the execu-
tors to Kilbourn, which declares that the strip forming part
of Townsend street shall be subject to the use by the owners
of other lots marked on said map, and by the public gener-
ally, " as and for the said Townsend street, as laid down on
and according to the aforesaid map," creates an easement
therein for the benefit of the grantors and the owners of
other lots on the map, of a right of way to be used by the
other owners, and by the public generally, as a street.

The grantee of a deed *inter partes* whereby an estate is
conveyed, is bound by the conditions, covenants and stipula-
tions therein, on his part, although it is only signed by the
grantor.   His acceptance of the deed is such assent to its

terms as will render it binding on him. *Finley* v. *Simpson*, 2 *Zab.* 311 ; 4 *Cruise Dig.* 368. If the stipulation be such as is legally sufficient to create an easement, he takes the land subject to that servitude. *Pettee* v. *Hawes*, 13 *Pick.* 323 ; *Dyer* v. *Sandford*, 9 *Metc.* 396. And if the agreement be intended for the benefit of the grantees of other lots on the same plan, they may have remedy on it, notwithstanding the absence of any privity between the parties. *Kirkpatrick* v. *Peshine*, 9 *C. E. Green* 206

In *Rosenkrans* v. *Snover*, *supra*, the controversy was between purchasers at a commissioners' sale in relation to a provision inserted by the commissioners in their deed for one parcel, that no building should be erected thereon to darken the windows of a building on an adjoining parcel, sold and conveyed at the same time. The Chancellor held that the purchaser of the first mentioned lot took it subject to the easement, although such condition was not contained in the conditions of sale ; that having accepted the deed, he was bound by its conditions, and could not hold the property by virtue of the deed and repudiate its provisions. Another illustration of the application of the principle that the grantee and those claiming under him cannot deny the binding force of a reservation in the deed under which his title was acquired, will be found in *Sheppard* v. *Hunt*, 3 *Green's Ch.* 277.

The conclusion having been reached, that the provisions in the plaintiff's title deeds, with respect to the use to be made of this strip of land, is binding on the plaintiff, it is obvious that the legal consequence results that a dedication is effected. The filing of a plan on which streets are delineated and conveyances by reference to such map, are the most usual means of making a dedication of the street to public uses. The acceptance of deeds with reference to such plan by vendees, is the crowning act that completes the dedication. Each conveyance, with such reference made and accepted, is a re-affirmance of the act of dedication by the concurrent consent of the grantor and grantee.

But the circumstances of this case place the claim of the city to apply this strip of land to use for a public street on even firmer grounds. The legal effect of the deeds under which the plaintiff holds, is that of a conveyance of the fee in the land within the lines of the street, on an express trust to hold it for the use of the owners of other lots and of the public generally, for the purposes of a street. Having accepted a conveyance upon such a trust, he cannot retain the fee and repudiate the uses for which the conveyance was made. The uses declared being those of a public street, the power to apply the premises to that use devolved on the municipal authorities, who are the representatives of the public, whose rights are paramount to the title of owner of the fee. *Methodist Church* v. *Hoboken*, 4 *Vroom* 13.

The Circuit Court is advised to discharge the rule to show cause, and to give judgment for the defendants.