JOHN SHAPINE *vs.* JEREMIAH SHAW.

Essex.   November 6, 1889. — November 29, 1889.

Present : FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Private Way — Deed — Evidence.*

The entry upon and continued occupation of land, and the use of a way as appurtenant thereto, under a warranty deed purporting to convey the land and the right of way as appurtenant to it, are some evidence of title to the one, and of a right to use the other, against one who shows no right to interfere with such use.

In an action to recover damages for changing the grade of a private way opposite the plaintiff's land, there was evidence that a deed of the land to the plaintiff's wife, to whose title he had succeeded, purported to give her a right of way in such way; that she entered immediately into possession under the deed, and with the plaintiff had occupied the land, and with others had used the way ever since; that deeds to the defendant and others bounded them upon such private way; and that the defendant, although his deed gave him no specific right in the way, had always used it for thirty-three years in common with others who had a right to use it. The presiding judge at the trial refused to rule, as requested by the defendant, that, as it did not appear that the grantor of the plaintiff's wife had any right in or to such way at the time he gave the deed to her, the evidence was not sufficient to justify a finding that the plaintiff had any right of way in such way. *Held,* that the defendant showed no ground of exception.

FIELD, J.   This·is an action of tort for changing the grade of a way opposite the land occupied by the plaintiff, and thus making the way less convenient for his use.   The defendant, who showed no right to do this, after a verdict was returned for the plaintiff, alleged exceptions to the refusal of the court to rule as requested by him.

The plaintiff acquired title under the will of his wife, Mary Shapine, and she acquired title from Andrew W. Hammond, by a warranty deed dated March 6, 1877.   The lot conveyed to her was bounded on the north by "a street called Broadway," and on the west "by a private way," "and by said deed Mary Shapine was given a right of way in said way," etc. Mary Shapine entered into possession under the deed, immediately after it was executed, and she and her husband have occupied the land conveyed, and have used the way, in common with others, ever since.   We assume that the grant to Mary

Shapine of the land and of the right of way was to her and her heirs and assigns.   The defendant owned the lot next south of the plaintiff's lot in the rear, and has lived on it for thirty-three years, and a deed to him from Edward A. Hammond, a son of Andrew W. Hammond, dated April 23, 1858, was put in evidence, " bounding the defendant on his westerly side by said private way."   The defendant having no other way " to get out from his premises excepting by said private way, though his deed gave him no specific right therein," has " used the same in connection with others who had a right to use it uninterruptedly for said thirty-three years."   " The defendant never enjoyed or claimed the exclusive use of said private way, but always used it in common with others who had a right to use it."   A deed was also put in evidence from one Brickett to one Tremblay, dated July 29, 1886, of the lot of land on the westerly side of this private way, " directly opposite the house of the defendant," in which the premises were described as " beginning at the northeasterly corner thereof by a private way, . . . and thence by said private way," etc.   All these deeds, apparently, were admitted in evidence without objection.   Copies of the deeds put in evidence are not annexed to the exceptions, which contain only a general statement of the lots of land conveyed by the deeds, as above set forth.

The defendant asked the court " to rule that the evidence was not sufficient to justify a finding that the plaintiff had any right of way in said way, as it did not appear that the grantor of Mrs. Shapine, viz. Andrew W. Hammond, had any right in or to said way, at the time he deeded to Mrs. Shapine."   The court refused to give this ruling; and the defendant excepted;   and this is the only exception in the case.   The contents of the deed accepted by the defendant, and his use of the way, were some evidence against him that there was in fact a private way to Broadway, such as the plaintiff described in his declaration, which persons other than himself had a right to use in common with him.   The actual use of this way by the plaintiff's wife and by the plaintiff in connection with their occupation of their land, in accordance with the grant contained in the warranty deed of Andrew W. Hammond, was some evidence that the plaintiff had the right of way which he claimed.

An entry upon and a continued occupation of land, with the use of a way as appurtenant thereto, under a warranty deed which purports to convey the land and the right of way as appurtenant to it, are some evidence of title to the land, and of a right to use the way, against one who shows no right to interfere with this use. *Ward* v. *Fuller*, 15 Pick. 185. *Whitman* v. *Boston & Maine Railroad*, 3 Allen, 133. *Ashley* v. *Landers*, 9 Allen, 250. *Farwell* v. *Rogers*, 99 Mass. 33. *Perry* v. *Weeks*, 137 Mass. 584.                                    *Exceptions overruled*

*B. F. Brickett & C. H. Poor*, for the defendant.

*N. C. Bartlett*, for the plaintiff.