JOSIAH F. FLAGG & another *vs.* JOHN C. PHILLIPS & others.

Suffolk.    December 4, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Easement. Way,* Private. *Deed. Prescription. Equity Jurisdiction,* To restrain obstruction of easement. *Equity Pleading and Practice,* Appeal.

Where the owner of a parcel of land and of the fee of the land under a passageway bounding it on its westerly side conveys the land by a deed bounding it westerly by the passageway, at least a right of way over the entire extent of the passageway is conveyed.

On an appeal from a decree in equity founded upon findings of fact made by the judge before whom the case was tried upon evidence, a material part of which was oral testimony, the findings of fact will not be disturbed unless they are plainly wrong.

An occupation of a passageway which has its origin in a permission subject to a provision that the licensee shall not "interfere with any rights of passage over said passageway" is not, as to one having a right of way over the entire extent of the passageway, an adverse occupation which will serve as the foundation for the acquirement of a prescriptive right.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 9, 1907, seeking to restrain the defendants from maintaining a flower stand in a passageway in which the plaintiffs claimed a right of way under a deed from the common predecessor in title of the plaintiffs and the defendants.

The case was heard by *Hammond,* J., who made a decree for the plaintiffs. The defendants appealed. The facts are stated in the opinion.

*H. E. Bolles,* (*I. H. Ellis* with him,) for the defendants.

*A. D. Hill,* for the plaintiffs.

RUGG, J. The plaintiffs seek to have removed a flower stand from a passageway over which they claim a right of way. The

title to the fee in the way was not discussed, and the decree expressly refrains from adjudicating respecting it. All the parties assumed that the way had existed for a long time. The title deeds introduced by the plaintiffs contain this description of boundary upon the passageway in question upon which their premises abut, namely, " westerly by a passageway laid out from said Winter Street to Hamilton Place." This language conveyed at least a right of way over the entire extent of the passageway. *Gould* v. *Wagner*, 196 Mass. 270, and cases cited. The only argument urged by the defendants is that they have acquired by prescription a right to maintain the obstruction in the passageway.

The cause was heard before a single justice of this court, who stated in a memorandum of finding, " I am not satisfied, upon the evidence, that the present obstruction, or one substantially like it, has existed where it now is continuously for twenty years, or that during the whole time it was absent the passageway was obstructed by building operations." A decree was entered ordering the removal of the obstruction, and, the evidence having been taken by a commissioner, the defendants appealed.

The familiar rule applicable to these circumstances is that, while all questions of fact as well as of law are brought by the appeal before this court, whose duty it is to examine anew all the evidence, yet where facts are found by a justice sitting in equity, in whole or in material part from oral testimony offered before him, his decision will not be disturbed unless it is plainly wrong.

The defendants contend that the flower stand has existed openly, adversely, continuously, under a claim of right for more than twenty years. They attempt to support that contention by evidence of an occupation which began by one Scott, who executed and handed to the representatives of the defendants a statement in writing of the terms of his occupancy, one of which made his tenure subject to the provision that he should not " interfere with any rights of passage over said passageway." One right of passage of the plaintiffs and their predecessors in title was to the use of the entire width of the way if they desired it. Scott sold his stand to one McDonald, who occupied for a time without rent, and then continued paying the same rent for several years as that paid by his predecessor. An occupation which has its

origin in a permission expressly subject to existing rights of passage is not adverse in any such sense as will serve as the foundation for the acquirement of a prescriptive right. The law presumes that the character of the occupation, having at the first been not adverse, continues to be of the same nature in the absence of some conduct indicating a change. There certainly is no evidence in the present case which compelled a finding that there was any such change. *Motte* v. *Alger*, 15 Gray, 322, 325.

The refusal to find that the passageway had been obstructed continuously was justified. Giving the testimony full weight, it does not go the length of establishing that the passageway was obstructed during the entire time that the flower stand was away. Notwithstanding the excavations in progress, the evidence is open to the inference that there was room for passage. But the single justice may not have given entire credence to all that was said in the testimony, and on this ground his finding cannot be disturbed. These views render it unnecessary to consider the other arguments presented in behalf of the plaintiff.

*Decree affirmed.*