ABIGAIL A. KNAPP *vs.* ROSE E. REYNOLDS & others.

Essex. December 5, 1950. — February 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Way,* Private: ownership of soil, creation. *Easement. Deed,* Property conveyed. *Land Court,* Waiver, Appeal. *Waiver.*

An appeal from the decision of the Land Court in a registration proceeding was dismissed where the same questions of law were presented to this court by the appeal and by a bill of exceptions.

It was too late for a party to a proceeding in the Land Court to contend for the first time in this court that a certain issue was not open under the pleadings where that issue had been fully tried in the Land Court without objection.

A deed with a description bounding the granted parcel "by" a private way did not convey any interest in the way if the grantor had no interest therein.

PETITION, filed in the Land Court on July 27, 1945.

The case was heard by *Fenton,* J.

*L. B. Phister,* for the petitioner.

*C. F. Leary & L. J. O'Malley,,* for the respondents, submitted a brief.

RONAN, J. This is a petition to register the title to a parcel of land in Newburyport, including a private way about twenty-five feet wide, known as Giles Court, which runs easterly from Market Street for about one hundred seventy feet to a fence on the westerly boundary of land of one Stockman. The land of the petitioner abuts the entire length of the northerly side of this way and also abuts the southerly side of the way for a distance of about one hundred forty feet easterly from Market Street, and the land of the respondents abuts the rest of the southerly side of the way for a distance of thirty feet. The controversy between the parties has narrowed down to their rights in the way. The judge found that the title in all the way was in

the petitioner, except for a small parcel measuring about thirty feet long and twelve and one half feet wide adjoining the land of the respondents and extending to the middle of the way, which he found was owned by the respondents but over which the petitioner had a right of way. He also found that the respondents had a right of way to Market Street over all that part of the way the title to which was found to be in the petitioner. The petitioner contended that she owned all the way free from encumbrances and appealed from and saved exceptions to the decision of the Land Court.

The case is here on appeal and on a bill of exceptions. Each purports to present the same questions of law. The remedy by exceptions is not so restrictive as that by appeal, *Harrington* v. *Anderson*, 316 Mass. 187, and as the petitioner is not entitled to a decision on both, we consider the case upon the exceptions and dismiss the appeal. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 158. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449. *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, 433.

The contention of the petitioner, that the question of title to any part of the way was not open to the respondents under the pleadings because all they alleged in their answer was an easement in the way, cannot be supported. It appears that the question of title was tried out. No objection appears to have been raised at the hearing. The judge in his decision states that no question of procedure was raised or considered, and that the case has been heard on the merits as presented by the parties. It is too late for the petitioner to urge for the first time here such an objection. *Wireless Specialty Apparatus Co.* v. *Priess*, 246 Mass. 274. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 127. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383, 385.

The rear of the petitioner's land which abuts the southerly side of the way adjoins the rear of the respondents' parcel of land which fronts on Court Street, which apparently runs parallel to Market Street. The title of the respondents is derived from a warranty deed, dated September 22, 1847, of Silas Dodge and others to Nathaniel G. Bassett.

The northerly boundary of this parcel is described as running "southeasterly by said court" and land of one Atkinson to Court Street. Bassett or his family occupied the land until the death of Georgiana Bassett in 1939. She devised the premises to one Hamlin, who conveyed them in 1939 to the respondents. No deed in the respondents' chain of title prior to this 1847 deed was put in evidence. The report of the examiner, which was introduced as an exhibit, does not cover any interests, if any, which the owners of the Reynolds land might have in the way, although, as we have already said, the respondents alleged in their answer that they had a right of way between their land and Market Street. That part of the way of which the title is in dispute is the southeasterly corner which is bounded by the Stockman land on the east, the Reynolds land on the south, the petitioner's land on the west, and the center of the way on the north. We do not know whether the Stockmans claimed an interest in this part of the way which overlapped or conflicted with any interest claimed by the respondents. After the petition was filed and some testimony had been taken, the Stockmans settled with the petitioner and gave her a release of their interests in the way. According to the examiner's report the petitioner had a proper title for registration of the locus free from any easements or encumbrances.

The way had not been prepared for foot travel or vehicular traffic, and there was little to indicate from its appearance, especially along its easterly half, that it was maintained as a private way. There was hardly any use made of it. The only evidence of any vehicular use of the way by the Reynoldses or their predecessors in title was two deliveries of fertilizer from Market Street over the way, on one occasion by a team and on another by wheelbarrows. The way served as a short cut from Market Street to the rear of the Stockman and Reynolds properties. It was possible for one to go through the gate across the Stockman property to Court Street. In the main it was practically a dead end way. There was a conflict in the evidence as to whether

there was a gate in the fence which separated the Reynolds land from the way. There was no evidence of the existence of a gate when Bassett acquired the property or that there was one prior to 1907. There was evidence that a gate was made in the fence in 1932, and that Stockman, claiming the Bassetts had no interest in the way, nailed up the gate so that it could not be used. It was undisputed that a gate had been erected by the Reynoldses after this petition was filed. The judge, however, found that there was a gate in the fence, but did not find when there first was such a gate. Recent photographs show a gate about three feet wide, opposite the middle of which and in close proximity to which is a fair sized tree.

The judge, noting that the description of the land in the deed to Bassett "bounds southeasterly [sic] by a court," applied the principle, which he stated was set forth in Clark v. Parker, 106 Mass. 554, and McKenzie v. Gleason, 184 Mass. 452, to the effect that a deed of land bounding on a private way, in the absence of anything indicating a contrary intent on the part of the grantor, conveys the fee to the center of the way and a right of way over the rest of the way if the grantor had title to the center and a right to such easement, and therefore construed the Dodge deed as granting to Bassett a fee to the center of that portion of the way adjacent to his land, together with the right to use the entire way to Market Street except a portion of the way up toward Market Street which was occupied by the steps attached to the petitioner's house. This construction of the deed would be correct if Bassett's grantors had title to the center of the way opposite their land and an easement over the remainder of the way. Lefavour v. McNulty, 158 Mass. 413, 417. Gould v. Wagner, 196 Mass. 270, 275. Flagg v. Phillips, 201 Mass. 216, 217. Frawley v. Forrest, 310 Mass. 446. Casella v. Sneierson, 325 Mass. 85, 88–89.

There is no evidence that Bassett's grantors had any title in the way opposite their land or an easement over the way at the time of their conveyance to him. If they had no title in the way, they could not convey the fee to their

grantee and they could not create by their deed an easement over land of another. *Howe* v. *Alger*, 4 Allen, 206. *Cole* v. *Hadley*, 162 Mass. 579. *Les* v. *Alibozek*, 269 Mass. 153, 157. We think that in these circumstances the judge was in error in determining the effect of the deed, and that he should have granted the petitioner's requests that the 1847 deed from Dodge and others to Bassett did not convey the fee to any portion of the way or any easement thereover. It has been held that a warranty deed duly executed and delivered is some evidence that the grantor had a title which he could convey and conveys legal seisin to his grantee, but the rule applies to strangers and those having no right to interfere with the use of the land and the principle does not apply against one having a superior right to the use or occupation of the land, or title thereto by adverse possession or grant.[1] *Ward* v. *Fuller*, 15 Pick. 185. *Farwell* v. *Rogers*, 99 Mass. 33. *Perry* v. *Weeks*, 137 Mass. 584. *Shapine* v. *Shaw*, 150 Mass. 262. *Hillis* v. *O'Keefe*, 189 Mass. 139, 141.

The judge, having decided that the respondents took a title in part of the way and an easement over the rest by grant, did not pass upon the question as to whether the respondents had any rights in the way by prescription. If it turns out that the respondents have rights by prescription, then their rights are to be determined by the extent and nature of the use made of the way in conjunction with the gate in the respondents' fence.

The judge's application of the Bassett deed also materially, and perhaps erroneously, affected his decision that the occupation for many years by the petitioner's predecessors in title of a part of the land between the Bassett land and the center of the way for a wooden shelter for four or five ash cans and for a garden was with the permission of the predecessors in title of the Reynoldses, and

---

[1] It is to be noted that the judge found against the petitioner on her contention that she had acquired title to the parcel opposite the Reynolds land by adverse possession on the ground that her use and occupation of the parcel were with the permission of the predecessors in title of the Reynoldses. If they acquired no interest in the parcel by the 1847 deed their permission was immaterial on this issue.

his denial of the petitioner's claim of ownership by adverse possession in this part of the way, and his further decision that the respondents had not abandoned a right of way created by the deed to Bassett between their land and Market Street. We think there must be a new trial, confined, however, to a determination of the rights of the parties in the way.

*Appeal dismissed.*
*Exceptions sustained.*