IN THE MATTER OF ESTHER D. JORDAN.

Middlesex.    April 6, 1955. — April 15, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Attorney at Law.    Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful.

In a disbarment proceeding against an attorney based on misappropriation of funds placed in her hands for the purposes of a decedent's estate for which she was counsel, she was not harmed by the admission in evidence of a master's report and the final decree in an accounting proceeding brought against her by the executrix where it appeared that the judge in the disbarment proceeding did not take the report and the decree into consideration in making his findings and that the decree, entered following the confirmation of the report, adjudicated that the attorney owed a sum substantially the same as that which she testified in the disbarment proceeding she had received for the estate.  [522]

A judgment disbarring an attorney was proper on findings that she misappropriated money placed in her hands for the purposes of a decedent's estate for which she was counsel, and prepared, took the oath to, and filed accounts of the executrix knowing them to be false. [522]

INFORMATION, filed in the Superior Court on December 22, 1952.

The case was heard by *Brogna, J.*

In this court the case was submitted on briefs.

*Esther D. Jordan,* pro se.

*Albert W. Wunderly,* appointed by the court to conduct the proceedings.

RONAN, J.   These are exceptions to and an appeal from an order for judgment removing the respondent from the office of attorney at law in this Commonwealth.   As both the exceptions and the appeal raise the same questions of law, we consider the exceptions and dismiss the appeal. *Knapp* v. *Reynolds,* 326 Mass. 737, 738.

The respondent acted as counsel for the executrix of the estate of one Cousins whose only heir at law was her sister, Jennie B. Martin.   All that the property consisted of was a house and land.   An arrangement was made by which Martin was to purchase the real estate for $5,000.   She was to be credited with $1,000, the amount of her legacy, and the balance of the purchase price was to be furnished by the executrix's father, one Doughty.   The respondent admitted that she had received various sums from the executrix or from Doughty, and from the collection of rents, in all amounting to $5,626.92, but contended that some of this money amounting to $2,320.85 constituted loans from the executrix or through her from Doughty.   The judge found that the money was given to the respondent not as loans but as funds to be used for the purposes of the estate.   He stated that she testified that she could not say what part of the money she received had been used for purposes of the estate and had no evidence available, if given an opportunity to produce it, to show what payments were made by her for the benefit of the estate.

It appeared at the hearing in the Superior Court that the executrix had brought a petition in the Probate Court against the respondent for an accounting.   The report of the master in that proceeding, together with the exhibits introduced before him, and a final decree adjudging that the respondent owed the estate $5,802.72 were introduced in evidence subject to her exceptions.   There was no prejudicial error.   The proceedings in the Superior Court were neither an action at law nor in a strict sense a suit in equity, *Matter of Keenan,* 287 Mass. 577, 583, but were in the na-

ture of an inquiry or inquest by the court into the conduct of one of its officers, *Collins* v. *Godfrey*, 324 Mass. 574, 577, and the strict technical rules were not applicable so long as the attorney knew the charges against her and had a fair opportunity to meet them. *Matter of Santosuosso*, 318 Mass. 489, 491. The report of the master has been said to have the force and effect of a special verdict of a jury, *Lithuanian Alliance of America* v. *Staliulionis*, 284 Mass. 287, 290, and if we assume that the report stands no better than the report of the material facts found by a judge in a previous suit, out of which the disbarment proceedings arose, and was not admissible, *Matter of Santosuosso*, 318 Mass. 489, 495, the respondent was not harmed by the introduction of the master's report with the exhibits. In the first place, the judge stated that he did not take into consideration the evidence in question, *Newman* v. *Newman*, 211 Mass. 508, and, secondly, the final decree, which is outstanding and followed the confirmation of the master's report, adjudicated that the respondent owes the sum of $5,802.72 which substantially corresponded to the amount she testified in the instant proceedings she had received from the estate.

The judge found, and the respondent testified, that she prepared the first and second accounts in the Cousins estate, took the oath of the executrix thereto, filed them in the Probate Court, and knew that both accounts were false.

The judge was justified in finding that the respondent had misappropriated funds which had come into her possession and that she was guilty of deceit, malpractice, and gross misconduct in her conduct as an attorney. *Matter of Mayberry*, 295 Mass. 155. *Matter of Welansky*, 319 Mass. 205. *Matter of Ruby*, 328 Mass. 542.

The exceptions are overruled and the appeal is dismissed. Judgment is to be entered forthwith removing the respondent from the office of attorney at law.

*So ordered.*