IN THE MATTER OF JOEL M. PRESSMAN.

Suffolk. November 9, 1995. - December 12, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Attorney at Law*, Disciplinary proceeding, Disbarment. *Witness*, Immunity.

An attorney may be disciplined by the Board of Bar Overseers based solely on testimony that the lawyer gave pursuant to an immunity order issued by a Federal judge: the use in a disciplinary proceeding of the attorney's sworn public testimony, in which he admitted committing the crimes of perjury and bribery while holding an elected position of public trust, was consistent with the policies and common law of the Commonwealth. [515-518]

INFORMATION filed in the Supreme Judicial Court for the county of Suffolk on March 30, 1995.

The case was reported by *Lynch*, J.

*Harvey A. Silverglate* (*Philip G. Cormier* with him) for the respondent.

*Arnold R. Rosenfeld*, Bar Counsel.

*Rosanna Cavallaro & John Reinstein*, for American Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

WILKINS, J. This bar discipline proceeding presents the question whether this court may discipline a lawyer based solely on testimony that the lawyer gave pursuant to an immunity order issued by a Federal judge.

In 1993, Joel M. Pressman, an attorney and former mayor of Chelsea, testified before a Federal grand jury and later in a Federal criminal trial pursuant to an order issued by a Federal District Court judge. That order provided that "[n]o testimony or other information compelled under this Order, or any information directly or indirectly derived from such

testimony or other information, may be used against [Pressman] in any criminal case" with exceptions not here relevant. Pressman testified on each occasion that, while mayor of Chelsea, he had (a) illegally accepted annual payments in exchange for the protection of "bookies," (b) received an illegal payment in return for the award of a city insurance contract, and (c) accepted an illegal payment of $9,000 in return for his support of a mall project in Chelsea. In 1985, when he was no longer mayor, Pressman lied under oath to a Federal grand jury about the mall project.

In March, 1995, formal discipline proceedings were commenced against Pressman. He argued to the Board of Bar Overseers (board) that the board would be acting unlawfully if it relied on his immunized Federal testimony to recommend that he be disciplined as a lawyer. The board rejected that argument and has recommended to this court that Pressman be disbarred. In April of this year, a single justice of this court reserved decision and reported the matter to this court on the parties' stipulation of facts.

Pressman makes two related arguments, neither of which is constitutionally based.[1] He contends that the court should apply the public policy that he sees expressed in G. L. c. 233, §§ 20C-20G (1994 ed.), the Commonwealth's immunity statute. In his view, that policy bars the use of Pressman's federally compelled testimony in his bar discipline proceeding. Pressman contends that the protections of the immunity statute go beyond art. 12 of the Massachusetts Declaration of Rights. He argues, alternatively, that, as a matter of fairness, this court should adopt a common law rule that the Commonwealth may not use testimony compelled from him

---

[1]The brief for the amicus curiae argues that art. 12 of the Massachusetts Declaration of Rights bars the use of Pressman's compelled testimony. We need not, of course, consider this contention, one that Pressman does not make in his main brief. To the extent Pressman asserts a violation of art. 12 in his reply brief, the argument comes too late. *Kelley* v. *Rossi*, 395 Mass. 659, 665 (1985). In fact, all Pressman's reply brief argues in its art. 12 discussion is that he did not waive whatever State law rights he had when he testified in the Federal system, a point we accept for the purposes of our analysis.

by a Federal judge under a grant of immunity. We reject these arguments which inherently urge this court not to discipline a lawyer who has publicly testified under oath that he committed serious felonies, unless persuasive evidence of that wrongdoing is produced independently of the lawyer's own testimony. The relevant considerations lead us to conclude that the use of Pressman's admissions of criminal liability is consistent with the policies and common law of the Commonwealth.

Because the answer to the question before us could be influenced by policy considerations inherent in the Commonwealth's immunity statute, we accept Pressman's invitation to consider whether the immunity statute provides guidance. Section 20G of G. L. c. 233 states that a witness immunized under our immunity statute and compelled to testify "shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction matter, or thing concerning which he is so compelled" to testify. "[N]or shall testimony so compelled be used as evidence in any criminal or civil proceeding against him in any court of the commonwealth" with exceptions not relevant here. *Id.* Pressman argues that, because his incriminating testimony could not be used against him if he had been granted immunity under the Commonwealth's statute, we should extend the same protection when immunity is granted in the Federal system.

There are, however, meaningful differences in the two immunity systems. A Federal grant of immunity provides protection only against the use and derivative use of an immunized witness's testimony in a criminal proceeding. *Kastigar* v. *United States*, 406 U.S. 441, 453 (1972). The Commonwealth's system provides, indeed constitutionally requires, transactional immunity for a witness immunized by the Commonwealth (see *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 793, 796-797 [1982]; *Emery's Case*, 107 Mass. 172, 185-186 [1871]), and also, at least by statute, requires that the testimony not be used in any civil, as well as criminal, proceeding. It may be (but we need not decide) that a bar disciplinary proceeding is not a "civil proceeding" within the

meaning of those words in § 20G. Moreover, because bar discipline is an administrative process under the authority of the justices of the Supreme Judicial Court, it may also be that Pressman's testimony is not being used as evidence "in any court of the commonwealth."[2] Certainly, the Federal system does not involve a Justice of a court of last resort, in the exercise of discretionary authority, deciding whether to authorize a grant of immunity, as § 20F does. Indeed, a Federal District Court judge has no discretionary authority to deny a prosecutor's immunity request, unlike a Justice of this court acting under § 20F. See, e.g., *United States* v. *Hollinger*, 553 F.2d 535, 548 (7th Cir. 1977). This difference is significant.

In Pressman's circumstances, no Justice of this court had the opportunity to decide in advance whether immunity should be granted and whether any grant of immunity to Pressman would require that his incriminating testimony not be used against him in a bar discipline proceeding. The Federal judge who approved the Federal immunity order did not consider, and had no obligation to consider, transactional immunity from Federal prosecution (*Baglioni* v. *Chief of Police of Salem*, ante 229, 234 [1995]), nor what impact a grant of Federal immunity might have on State proceedings, including bar discipline proceedings. We find nothing in the legislative purposes of our State's immunity statute to suggest that the Legislature, which extended no immunity-granting authority to State trial judges, would have us recognize that a grant of immunity by a Federal trial judge forecloses the use of immunized testimony in a bar discipline proceeding.

Pressman argues further that, whatever the State immunity statute may suggest by analogy, we should recognize that it is unfair to use testimony compelled under a Federal

---

[2]If we were to reach the question whether the State immunity statute extends to bar discipline proceedings, the court would have to recognize the limitations that art. 30 of the Massachusetts Declaration of Rights, concerning separation of powers, places on the Legislature with respect to control over the practice of law. See *Collins* v. *Godfrey*, 324 Mass. 574, 576 (1949), and cases cited.

grant of immunity to Pressman's disadvantage in State bar discipline proceedings. There have been several instances in which this court has prevented unfair consequences from flowing from the existence of dual sovereigns. See *Commonwealth* v. *Donahue*, 396 Mass. 590, 601-602 (1986) (new trial granted because State prosecutor did not seek exculpatory materials in possession of Federal agents or explain his reason for not doing so); *Commonwealth* v. *Liebman*, 379 Mass. 671, 674 (1980) ("The introduction of two sovereignties creates a potentiality for unfairness" that can be avoided by assimilation of State and Federal proceedings); *Commonwealth* v. *Cepulonis*, 374 Mass. 487, 493-495 (1978) ("same evidence" test determines whether Federal jeopardy bars State prosecution).

The case before us involves further considerations. A member of the bar owes a fiduciary duty to clients. This court has an obligation to assure the integrity of the bar. *Matter of Keenan*, 287 Mass. 577, 582 (1934). It would be a strange rule that forbad the use of a lawyer's testimony under oath to determine the lawyer's qualifications to continue as a member of the bar. The public perception of such a rule would understandably be negative. The incriminating testimony would not be used to punish the lawyer in a criminal law sense, but rather to preserve the integrity of the bar. See *Matter of Santosuosso*, 318 Mass. 489, 492 (1945). We are unwilling to accord to a Federal grant of immunity, which did not even immunize Pressman from Federal prosecution, the far-ranging effect of (a) possibly preventing any bar discipline proceedings against Pressman and (b) restricting bar counsel, the board, and this court from moving expeditiously to discipline a lawyer who has admitted publicly and under oath to the crimes of perjury and bribery while in an elected position of public trust.[3]

---

[3]Of course, a refusal to testify based on a lawyer's invocation of his or her constitutional rights not to testify could not be used as the sole basis for imposition of bar discipline. See *Spevack* v. *Klein*, 385 U.S. 511, 514 (1967).

An order shall be entered in the county court disbarring Joel M. Pressman.

*So ordered.*