IN THE MATTER OF DAVID A. JONES. July 2, 1997. *Attorney at Law,* Disciplinary proceeding, Reciprocal discipline, Suspension. *Constitutional Law,* Attorney at law, Equal protection of laws, Assistance of counsel.

The respondent, David A. Jones, appeals from a judgment of a single justice of this court suspending him from the practice of law in the Commonwealth for the period of one year and one day, giving full faith and credit to an order of the Supreme Court of Pennsylvania which had suspended him for one year and one day for violations of the Disciplinary Rules of the Code of Professional Responsibility. See S.J.C. Rule 4:01, § 16, as amended, 402 Mass. 1302 (1988). We affirm the judgment of the single justice.

The Supreme Court of Pennsylvania had suspended Jones on the basis of the report and recommendations of its disciplinary board (disciplinary board) which had found him in violation of DR 1-102 (A) (4), conduct involving dishonesty, fraud, deceit, or misrepresentation, and DR 1-102 (A) (6), conduct that adversely reflects on an attorney's fitness to practice law. A hearing committee of the disciplinary board had determined that Jones had "failed to produce any evidence which rebuts the evidence . . . establishing that Respondent misrepresented the nature, extent and worth of his representation" of a client.

On March 7, 1995, bar counsel filed a petition for reciprocal discipline and included as attachments a certified copy of the order of the Pennsylvania Supreme Court, the report and recommendations of the disciplinary board and the most recent attorney annual registration statement filed by Jones with the Massachusetts Board of Bar Overseers.

On March 21, 1995, the court issued notice pursuant to S.J.C. Rule 4:01, § 16 (1), directing Jones to inform the court within 30 days of any claim that imposition of the identical discipline would be unwarranted. On May 1, 1995, Jones filed his "Respondent's Showing of Cause Why Reciprocal Discipline is Unwarranted" and requested a hearing. The hearing was scheduled for July 6, 1995, and notice was sent to the parties. On June 27, 1995, the hearing was rescheduled for July 14, 1995, and notice was again sent to the parties.

On July 11, 1995, the clerk docketed a letter from Catherine Jones requesting a continuance of the July 14 hearing. On July 12, 1995, first class and express mail letters were sent to Jones's office and residence addresses as listed on his most recent annual registration statement advising him that the single justice had denied his request for a continuance.

The hearing was held as scheduled on July 14. Bar counsel appeared but neither Jones nor counsel for Jones appeared. The single justice noted that Jones was served on March 31, 1995, with notice to show cause why he should not be suspended and failed to appear after having received notice of the scheduled hearing. The single justice entered judgment.

On July 28, 1995, Jones filed a motion for reconsideration en banc, which was treated as a notice of appeal to the full court. We review the decision of the single justice to determine whether it is supported by sufficient evidence, free from errors of law, and free from any abuse of discretion. See *Matter of Kenney*, 399 Mass. 431, 434 (1987).

1. Jones claims that the single justice erred in imposing reciprocal discipline based upon the Pennsylvania action because the procedure in that jurisdiction did not provide reasonable notice or opportunity to be heard. We disagree.

The imposition of reciprocal bar discipline is controlled by S.J.C. Rule 4:01, § 16 (3), 365 Mass. 709 (1974), which provides that the court may impose identical discipline unless bar counsel or the respondent-attorney establishes, or the court concludes, that (a) the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard; (b) there was significant infirmity of proof establishing the misconduct; (c) imposition of the same discipline would result in grave injustice; or (d) the misconduct does not justify the same discipline in Massachusetts.

Jones's claims rest on his contention that he was not given adequate notice that his Pennsylvania counsel would not be allowed to represent him at two of the three hearings scheduled before the hearing committee of the disciplinary board. As a result, he argues, he did not have a reasonable opportunity to be heard for purposes of S.J.C. Rule 4:01, § 16 (3) (a), and two of the Pennsylvania hearings were therefore "fatally flawed."

There is no doubt that a lawyer has a constitutionally protected interest in his license to practice law and that he must be afforded due process before he can be deprived of that interest. See *Matter of Kenney*, 399 Mass. 431, 435 (1987). In a bar disciplinary proceeding, this court has held that "the fundamental requisite of due process is an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.*

In this case, the decision of the single justice was amply supported by the evidence contained in the report and recommendations of the disciplinary board. The respondent was present, along with his counsel, at the first hearing on June 30, 1993. He failed to appear personally at the August 30 hearing and his counsel, as an inactive lawyer, was "unable by the rules concerning attorney activity to continue the representation," according to the disciplinary board. When the hearing committee continued the hearing to October 25, 1993, so that Jones could either obtain new counsel or appear himself, he did not appear and did not send qualified counsel.

According to the disciplinary board, "notices regarding both the August 30 and October 25, 1993 hearings were forwarded to Respondent's last known address as recorded in the Attorney's Annual Fee form which Respondent returned, and to all known addresses where Respondent had received mail at prior times." The report "stress[ed] that despite opportunity and encouragement to give a correct address, Respondent failed to provide a current address where he can be reached." The fact that Jones chose not to appear after the June 30 hearing does not mean that he was deprived of due process.

2. Jones next claims but presents no argument that imposition of the same discipline would result in grave injustice under S.J.C. Rule 4:01, § 16 (3) (c). To the extent that this claim rests on the same premise as his claim under § 16 (3) (a), it must fail as well. Further, he has not established, as he is required to do pursuant to § 16 (3), that there would be grave injustice if the Pennsylvania discipline were imposed in Massachusetts. In addition, comparison of the misconduct and resulting discipline imposed in Pennsylvania with similar misconduct in Massachusetts suggests that the discipline imposed was within what this court has held to be justified in Massachusetts. The respondent's "continuing act of dishonesty regarding the fee petition" was similar to misconduct in Massachusetts which has been held to warrant a suspension of one year. See *Matter of McCarthy*, 416 Mass. 423, 431-432 (1993); *Matter of Neitlich*, 413 Mass. 416, 423 (1992).

3. In addition to the above arguments raised in a brief filed by his counsel, Jones raises several other claims in a pro se brief. He claims that he was denied equal protection in the Pennsylvania hearing. This allegation appears to relate to his claim of disability. Bar counsel argues, and we agree, that this claim should be rejected on its face because he provided no credible evidence of disability to the Pennsylvania authorities or to this court. As the disciplinary board stated, although Jones's wife had sent numerous facsimile transmissions to the disciplinary board and to the disciplinary counsel, such transmissions could not be properly ascribed to Jones because he did not sign them and his wife, not an attorney, could not represent him. While the transmissions "suggested that there may have been medical reasons why Respondent failed to appear . . . no details were provided and no official medical records were provided in support of the [transmitted] statements." The disciplinary board reasonably concluded that "Respondent had the opportunity either to substantiate his medical condition if it exist[ed], or to participate in the hearing and "he simply failed to do so."[1]

4. Jones next claims that he was deprived of the right to counsel. There is no right to counsel in bar discipline, "an administrative process under the authority of the justices of the Supreme Judicial Court." *Matter of Pressman*, 421 Mass. 514, 517 (1995). Bar discipline cases are not criminal in nature. *Matter of Tobin*, 417 Mass. 92, 101 n.10 (1994), citing *Matter of Jordan*, 332 Mass. 520, 521-522 (1955), and the constitutional right to counsel has not been applied to bar disciplinary matters as a matter of due process.

---

[1]Similarly, on July 13, the respondent's wife left a message for the assistant clerk of the Supreme Judicial Court for Suffolk County stating that the respondent was unable to appear because of a disability. No evidence of disability was presented at any time.

The judgment of the single justice was supported by sufficient evidence and contained no error of law or abuse of discretion. *Matter of Kenney, supra* at 434.

*Judgment affirmed.*

*Michael E. Mone* for the respondent.

*Arnold R. Rosenfeld,* Bar Counsel.

*David A. Jones,* pro se, submitted a brief.